JOHN J. SCHWARTZ

*v.*

THOMAS E. GILMORE.

1. NEGLIGENCE — *controlling principle in actions for.* The law which governs in actions for negligence, rests upon the principle, that every person must so use his own property as not to injure his neighbor, and if he fails so to do, through the want of reasonable care or skill on the part of himself, or his servants, he is liable for the injuries thereby sustained.

2. SAME — *liability of owner of building — for negligence of contractor.* S., the owner of certain premises, contracted with D. to erect a building thereon, and by the terms of the contract D. was required to perform his work under the supervision and direction of B., the architect, who was declared to be the superintendent of S., S. reserving the right to change the plan of the work. *Held,* that S. could not be considered as having surrendered to D. the entire control over the work and premises, so as to relieve himself from liability for injuries occasioned by the negligence of D.

3. SAME. And in such case, where, before the completion of the building, a portion of the walls fell, whereby an injury was inflicted upon the person and property of a party living adjacent thereto; and, during the morning preceding the night when the accident occurred, the owner was informed that the walls were leaning, and he took no precautions on that day to avert the danger, — *held*, that his liability for damages could not be made to depend *merely* upon the fact, that, after his attention had been called to the condition of the walls, he did nothing to secure them, unless the *danger was so obvious* that a prudent man, the safety of whose person and property depended on the security of these walls, would have taken immediate steps to have secured them.

4. SAME. Nor in such case, could the architect, who was the superintendent of the owner, having control of the work, relieve his principal from liability, by directing the proper bracing to be put in. It was his business to see that it was done.

WRIT OF ERROR to the Superior Court of Chicago.

The facts in this case are fully stated in the opinion.

Messrs. FULLER & SHEPARD, for the plaintiff in error.

Messrs. GARRISON & BLANCHARD, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In July, 1866, Schwartz, the plaintiff in error, commenced the erection of a brick building in the city of Chicago, twenty-five feet in width, one hundred and twenty feet in depth, and four stories in height. On the night of Sunday, the 21st of October, 1866, the rear and two side walls having been carried to their full height, the greater part of the side walls fell during a heavy gale of wind, and crushed, in their fall, the house of the defendant in error which stood near. He had a barber's shop in the house and lived in it. His wife was killed, he was severely injured, and all his property in the house was destoyed. He brought an action against Schwartz, and recovered a verdict and judgment, to which Schwartz has prosecuted a writ of error.

This suit is based on the theory that the plan of the building was defective, and that the walls were hastily and carelessly erected with the consent and sanction of Schwartz. It is insisted, on the other hand, that the plan was unobjectionable, and that

so far as there was any want of care or skill in the erection of the walls, Schwartz was not responsible. A plan had been prepared ·by an architect and adopted by Schwartz, and he. had entered into a contract with one Daegling to erect the walls in conformity with the plan, and under the superintendence of the architect.

The law which governs cases of this character is not doubtful, though not always easy of application. It rests upon the principle, that every man must so use his own property as not to injure his neighbor, and if, through the want of reasonable care or skill on the part of himself or his servants, he fails to do so, he must respond in damages. This court held, however, in the case of *Scammon* v. *The City of Chicago*, 25 Ill. 424, that the owner of property who has contracted with a builder to erect a building. upon it, is not liable for the negligence of the contractor or his servants, where entire possession has been surrendered to him, and he proceeds with his work according to his own judgment, and is not subject to the control or interference of the owner. We have no doubt of. the correctness of that rule, and are not disposed to depart from it. But the case before us is not of that character. Here, although Daegling was erecting the walls under a contract, he was, by its terms, to carry forward the work under the control of the superintendent, and " to remove all improper work or materials upon being directed so to do by the superintendent," to whose judgment, both as to work and materials, he agreed to submit, and whose acts the owner agreed to recognize. The owner also reserved the right to change his plan, and the architect was declared to be the superintèndent for the owner.

With these provisions in the contract it can not be said the owner had so far given to the contractor all control over the work and the premises as to be relieved himself of all responsibility, and the first instruction for the plaintiff, to which exception is taken, was, therefore, unobjectionable.

We are of opinion, however, that the second instruction, as given for plaintiff, was calculated to mislead the jury. It appears that on Sunday, the day before the building fell, the

occupant of a house on the south side of this building, the windows of which had been darkened by the new walls built close upon them, discovered that more light entered at these windows, and hence concluded the walls of the new building were settling, and leaning to the north. In the course of the day he called the attention of Schwartz to this, and there was some conversation and speculation among the bystanders as to whether the walls really leaned. Schwartz had not observed it until the witness called his attention to it. One bystander thought they leaned two inches, another three, and a third gave it as his opinion that it would do no harm. Schwartz said he would see his architect and have it made right. On these facts the court gave the following instruction :

"If the jury believe, from the evidence, that the defendant had the possession and control of the premises which the building was on, and was present on Sunday, previous to the falling of his building, and was informed that the walls then up were leaning over and in danger of falling ; if, in fact, they were so leaning and in danger, and that thereafter the defendant had a sufficient time to have secured the walls and prevented the accident, or to have caused his mason to have done so, then the defendant is liable for the injury done the plaintiff in consequence of the falling building, notwithstanding the defendant may have employed Daegling to erect his walls under a special agreement, subject to the same qualification as to the knowledge of the danger, by the plaintiff, as in the plaintiff's instruction just given."

This instruction proceeds upon the theory, that Schwarz was liable, in the contingency named in the instruction, independently of all question as to the character of the plan or the manner of its execution. Even if he had been chargeable with no fault up to that time, this instruction makes him liable for all damages for failing to secure the walls in case he had time to do so after his attention was called to their condition. But, it is clear, that would depend, not on the fact that the walls were really leaning and in danger of falling, and that

his observation was called to them, but on the fact whether their condition was such as to excite the apprehensions of a reasonable and prudent man; such, in short, that a reasonable and prudent man would have taken immediate steps for the security of his own person and property, if exposed in the mean time to the same danger with that of the plaintiff. The distinction in this case is very material. The jury, on reading this instruction, would say: "The building was really in danger, for it fell the next night; 'there is no dispute but that his attention was called to it; and, as he did nothing to arrest the danger, we must, under this instruction, find him guilty."

Yet he is not liable on this ground unless he omitted a duty, and the law requires of the owners of property, not an absolute and perfect knowledge of all dangers that may arise to others from a particular use or condition of such property, not that they shall be insurers to all the world against injury in any contingency, but only that they shall exercise the same intelligence, prudence and care, in regard to their property for the security of others, that prudent men would do for their own. This instruction, then, should have been so modified, that the jury would not have understood the liability of Schwartz to be settled by the mere fact that his attention was called to the walls on Sunday, and that they were, in fact, leaning, however difficult of perception their inclination, and however slight the appearance of danger. They should have been told, in connection with this instruction as asked, that he was not liable merely on the ground that he did nothing on Sunday to secure the walls, unless the danger was so obvious that a reasonable and prudent man, the safety of whose person and property depended upon these walls, would have taken immediate measures on that day to have secured them.

The counsel for plaintiff in error insist, that the court erred in refusing a portion of the instructions asked by them. We are of the opinion, however, that it gave all to which they were justly entitled. The jury were told, if the injury happened *only* in consequence of the negligence or want of skill of the

contractors, and that Schwartz neither directed nor sanctioned such manner of doing the work, nor had control of the premises, he would not be liable. The same instruction, with the important word *only* omitted, was properly refused, because, even if the negligent manner of doing the work was the proximate cause of the fall, yet, if the plan was essentially defective, and such defect contributed to the accident, the owner as well as the contractor would be liable. The 11th, 12th and 13th instructions were properly refused, because, if the architect had control of the work, and knew the walls were unsafe from want of bracing, he could not relieve his principal from responsibility by merely directing the bracing to be done. He should have seen that it was done.

As this case is to go before another jury, we have abstained from all comment on the evidence, and reverse the judgment for the error in the second instruction for the plaintiff.

*Judgment reversed.*