## FESSENDEN *v.* BLANCHARD *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

1. EXECUTORS AND ADMINISTRATORS — ACTION BY ANCILLARY ADMINISTRATOR — SECURITY FOR COSTS.

In an action by an ancillary administrator of an estate, all the persons interested in which are non-residents of the state, defendants are not entitled to security for costs under Code Civil Proc. § 3268, providing for security for costs by non-resident plaintiffs.

2. SAME—ACTION BY ANCILLARY ADMINISTRATOR—REFUSAL TO REQUIRE SECURITY FOR COSTS—DISCRETION OF SPECIAL TERM.

In an action by an ancillary administrator to recover the share, alleged to belong to his estate, of a claim collected by one of the defendants, plaintiff's demand being meritorious on its face, the court at general term will not interfere with the refusal of the special term to exercise its discretionary power to require security for costs in actions by executors and administrators.

Appeal from special term, Kings county; WILLARD BARTLETT, Justice.

Action by James D. Fessenden, as ancillary administrator of Thomas W. Killman, deceased, against Alvah S. Blanchard, James E. Ward, William H. T. Hughes, and Henry P. Booth, to recover two-sixteenths of the amount collected by the defendants other than Blanchard, as his assignees of a claim against the Spanish government for illegal seizure of a bark belonging to

Blanchard, a two-sixteenth interest in which, it was alleged, he had sold to Killman. Killman was, at the time of his death, a resident of the state of Maine, and an administrator of his estate was there appointed. The administrator, next of kin, and all other persons interested in the estate are residents of that state, and the only assets of the estate in New York is the claim in suit. From an order denying a motion for security for costs the defendants appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Harriman & Fessenden*, for plaintiff.　*Hobbs & Gifford*, for defendants.

BARNARD, P. J. The plaintiff is the ancillary administrator of Thomas W. Killman, deceased. Killman was a resident of the state of Maine, and letters of administration were issued there to Thomas P. Shute. The plaintiff, as an ancillary administrator, has brought this action to enforce a claim against the defendant. The defendant appeared at special term to obtain security for costs. The application was denied, and this appeal is brought. The plaintiff is not a non-resident of the state, and therefore does not come within the enactment in the Revised Statutes, and now contained in section 3268 of the Code. The plaintiff is to be treated as an administrator. He is appointed under our laws, and has given the security for the faithful performance of his trust. The general rule is that parties may put their claim before a competent court without any obligation to secure costs to the opposite party in case of failure. In an action brought by an executor and administrator, discretionary power is given to courts to require a plaintiff to give security for costs. It is not usual for an appellate court to interfere with a refusal to exercise a discretionary power. In the present case the order to compel security was properly denied. The claim is on its face meritorious. The defendant got a large sum for almost nothing; and, if the plaintiff's claim is right, he ought to refund it to the estate of the deceased. This will be determined on the trial. The plaintiff is liable, like other administrators, in case of failure. The order should be affirmed, with costs and disbursements.

PRATT, J., concurring.