# CITY OF MOLINE

## v.

## PATTERSON L. McKINNIE.

*Master and Servant—Independent Contractors—Personal Injuries— Evidence—Instructions.*

1.  The employer of a skillful and competent person, under contract to perform a certain labor, of which he will have exclusive control until completion, can not be made liable for injuries arising from the negligence of such contractor or his employes.

2.  The erection of buildings adjacent to a highway, with the usual and necessary excavations, and the consequent obstructions to sidewalk and street, is not within the exception to the above rule, which attaches liability to employers where the work in hand is inherently dangerous, or will necessarily create a nuisance.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. HENRY CURTIS and WILLIAM A. MEESE, for appellant.

It is the settled law of this State that a municipal corporation, having the exclusive care and control of the streets, is obliged to see that they are kept safe for the passage of persons and property, and to abate all nuisances that might prove dangerous; and if this plain duty is neglected and any one is injured, it is liable for the damage sustained. The corporation has, however, a remedy over against the party in fault and who has brought about the injury, unless, indeed, when precluded by its own acts. Chicago City v. Robbins, 2 Black (U. S.) 422; Scammon v. City of Chicago, 25 Ill. 424; Fahey v. Town of Harvard, 62 Ill. 28; Dillon on M. Corp. (3d Ed.) Sec. 1027, at page 1055.

Tina Nevitt did not, in her suit against the city, charge that her injuries were caused by any lack of plank covering to the

sidewalk, but on the contrary, she predicated them, and her consequent right of recovery, solely upon the want of proper barriers and danger lights, and by her recovery it was judicially and necessarily found that her injuries proceeded from the causes alleged, and the sole inquiry here, now is, who was really in fault for *those acts*, whether of omission or commission, stated in the declaration and constituting those causes. If, between the parties to the suit at bar, it was the duty of McKinnie to have provided and kept such barriers or lights (and we shall presently see it was), then he was the party really in fault for the lack of them, and consequently for the accident, for the accident is judicially found to have been caused by such lack. McKinnie had full notice and knowledge of Nevitt's suit against the city and was called to defend it, and he is bound by the record thereof, and will not be heard to urge anything against it. Chicago City v. Robbins, 2 Black (U. S.) pp. 422–3; Robbins v. Chicago City, 4 Wallace, pp. 672–5; Inhabitants of Milford v. Holbrook, 9 Allen, 17; Severin v. Eddy, 52 Ill. 191; Portland v. R. R., 54 Me. 46; Vezie v. R. R., 49 Me. 119; Mayer v. Troy, 49 N. Y. 657; City of Bloomington v. Roush, 13 Ill. App. 342.

"If the owner of real estate suffer a nuisance to be created, or continued, by another, on or adjacent to his premises, in the prosecution of a business for his benefit, when he has the power to prevent or abate the nuisance, he is liable for an injury resulting therefrom to third persons." Chicago v. Robbins, 2 Black, 426; Clark v. Fry, 8 Ohio St. 359; Ellis v. Sheffield, etc., 2 Ellis & Black. 75; Eng. C. L. p. 767; Barnes v. Ward, 9 C. B. 392; Hadley v. Taylor, 1 Com. Pleas, L. R. 53; Cornwall v. Com., 10 Ex. 771; Hardcastle v. S. Y. Ry., 4 H. & N. 67; Dillon on M. Corp. (3d Ed.) Sec. 1032; Norwich v. Breed, 30 Conn. 535; Hounsel v. Smythe, 7 C. B. N. S. 729; Ottumwa v. Parks, 43 Iowa, 119; Rowell v. Williams, 29 Iowa, 210; Fahey v. Town of Howard, 62 Ill. 28; Coupland v. Hardingham, 3 Camp. 398; Schwartz v. Gilmore, 45 Ill. 457.

Messrs. W. J. ENTRIKIN and WILLIAM JACKSON, for appellee.

If any one is liable, other than the city, then it is the con-
tractors, or some one of them, and not the appellee.

"All liability for injury sustained is based upon the theory
that the party liable has committed a wrong, or neglected
some duty." Scammon v. The City of Chicago, 25 Ill. 438.

Appellee in this case did neither; the contractors dug the
cellar into which Tina Nevitt fell; they put the "runway
plank" across the sidewalk space upon which she "stepped,
slipped or tripped," and they failed to put up any guards
along the north wall, around the dangerous excavation into
which she fell.

"While a master is responsible for the injuries arising from
the negligence of his servant, it is the doctrine that a party
who has contracted for the doing of a certain work, for his
use and benefit, is not liable for injuries arising in the perform-
ance of such work." Scammon v. The City of Chicago, 25
Ill. 424; Pfau v. Williamson, 63 Ill. 16; The Prairie State
Loan & Trust Co. v. Doig, 70 Ill. 52; Glickauf v. Maurer, 75
Ill. 289; Hale v. Johnson, 80 Ill. 185; Kepperly v. Ramsden,
83 Ind. 354; Wabash, St. L. & P. R. R. Co. v. Farver, 111
Ind. 195; Davie v. Levi, 2 So. Rep. 395; Wiltsie v. State
Board Bridge Co., 30 N. W. Rep. 370; 2 Dill. Munic. Cor.,
Sec. 1030.

"The rule is now firmly established, that where the owner
of lands undertakes to do a work which, in the ordinary mode
of doing it, is a nuisance, he is liable for any injuries which
may result from it to third persons, though the work is done
by a contractor exercising an independent employment and
employing his own servants. But when the work is not in
itself *necessarily* a nuisance, and the injury results from the
negligence of such contractor or his servants in the execution
of it, the contractor alone is liable, unless the owner is in de-
fault in employing an unskillful or improper person as the
contractor." Whar. Law of Neg., Sec. 818; City of Joliet v.
Harwood, 86 Ill. 110.

"While the contractor is in possession of that part of the
premises upon which the excavation is to be made, with the
exclusive control of the work, it becomes an incident to his

undertaking to so do the work as to be reasonably safe for passers-by, observing due care for themselves, and that duty, it is declared, includes the erection and maintenance of suitable safeguards about all excavations; the owner of the premises is not responsible for his failure or neglect of duty in that regard. Nor does it change the rule, the owner may have some work to perform about the building, where it is wholly disconnected with that which causes the injury." Kepperly v. Ramsden, 83 Ill. 354, and cases there cited.

"The specifications point out particularly how that part of the cellar *under the sidewalk* was to be completed. And we fail to find that appellant, at any time, gave appellee any directions as to the manner in which he should perform his work thereon, or how it should be constructed, but, so far as the record discloses, appellee did the work under and according to the contract and its specifications. Nor did the fact that appellant reserved the right to go upon the premises, to see that the work was done according to the plans and specifications, change the relations of the parties. Appellee did not thereby become the servant of appellant. He was still in possession, and was performing the work under his contract and not under the directions and control of appellant, because he had the right to inspect the work." Pfau v. Williamson, 63 Ill. 16.

C. B. SMITH, J. In September, 1885, Tina Nevitt, while passing along a public sidewalk in the city of Moline, after dark, fell into an excavation which had been dug under the sidewalk in front of a building then in course of construction. The sidewalk at that point had been torn up to give room for the workmen then engaged in putting in the basement walls of the building. For the purpose of wheeling rock into the basement, a "runway" board was placed near the eastern line of excavation and, crossing the line of the sidewalk and crossing the cellar or basement wall, ran into the cellar. No lights or guards or protection of any kind had been placed around this pit by the owner of the building, the contractors and builders, or the city. On the evening of September 4, 1885,

Tina Nevitt and her father, both strangers in the city, were passing from one depot to another to take the train, and in passing along this sidewalk in the darkness, without any previous knowledge of its condition, Tina Nevitt cast her foot against this "runway" board and fell headlong into this pit and was injured. For this injury she brought suit against the city of Moline and recovered a judgment, which the city paid. Appellee McKinnie was the owner of the premises and was having the building erected by contractors at the time of the injury to Tina Nevitt. When the city was sued he was notified and requested to aid in the defense.

The city, having been compelled to pay this judgment, now brings this suit against appellee to recover over against him, and sets up the foregoing state of facts, substantially, in its declaration, and charges appellee with negligence and with being the author of the injury. A trial resulted in a verdict for the defendant, upon which the court, after overruling a motion for a new trial, gave judgment against the city for costs, and the city now brings the case here on appeal and asks to have the judgment reversed for the various errors assigned.

No question is made in this record against the dangerous condition of the sidewalk and the criminal negligence of somebody in leaving it in that condition. It appears from the proof that Dr. McKinnie, the appellee, owned the corner, and was having the building erected, and that the building contract was let to careful and competent builders, who, after having completed their contracts, entered into possession of the place and took charge of the construction of the building. Dr. McKinnie had nothing further to do with the construction of the building except to see that the work was done in conformity with the terms of the contract, beyond an occasional suggestion to the contractors, and had nothing to do with the mere details or method of carrying on the work. Up to the time he left the State he was about the premises more or less every day, watching the progress of the work and taking such interest as was consistent with his ownership. His office was on the adjoining lot. About the 26th of August appellee left

the State, and was in Colorado at the time the accident oc-
curred, and did not return until some time in October.   The
case was tried below by the court on the theory that if appellee
had let his building to competent, careful and reliable con-
tractors, and given them possession, and that he himself exer-
cised no control over their conduct or method of doing the
work, nor exercised any supervision over their employes or
servants, and that the injury occurred by and through the
negligence of such contractors and their servants while so
erecting the building, then appellee would not be liable, but
that the liability would be against the contractors.   The court
proceeded on this theory in the admission of evidence and in
its instruction to the jury.   Appellant strenuously insists that
this theory was erroneous, and contends that the contractors,
under the circumstances in proof, must be regarded as the
mere servants of appellee in doing the work, and that appellee
is therefore liable for the negligence.

Counsel for appellant cite us to many cases decided
in other States which support the theory of appellant
and hold the owner of the building liable for the negli-
gence of his contractors.   But the law in this State has been
long and well settled the other way.   Scammon v. The City
of Chicago, 25 Ill. 424; Pfau v. Williamson, 63 Ill. 16;
Kepperly v. Ramsden, 83 Ill. 354.

These three cases, decided by our Supreme Court, are all
like the case at bar in the material facts, and the court held in
such case that when the proof shows the owner of the
premises employs a careful, skillful and competent builder
or contractor to erect his building under a contract, and sur-
renders him the possession of the premises for that purpose,
then in such case the owner is not liable for an injury
occurring to a stranger for the negligence or default of the
contractor or his immediate servants or employes engaged in
doing the work.   These authorities are conclusive against
appellant, without any reference to the authorities in any other
States.   The rule announced in the foregoing cases has an
exception, which seems to be recognized in all the cases, and
that is, when the work or enterprise entered upon by the

owner of premises is inherently and necessarily dangerous, or when danger and hazard must necessarily accompany the work, or when the doing the work will necessarily create a nuisance, injurious or dangerous to person or property, then in all such cases the land owner can not escape personal liability by contracting with another to do the work.

This exception to the general rule is recognized in City of Joliet v. Harwood, 86 Ill. 110, and is also laid down as the rule governing such cases in Sec. 792, Dillon on Municipal Corporations. But building a house adjacent to a public street, with the usual and necessary excavations, and the consequent obstructions to sidewalks and streets, is not necessarily dangerous or hazardous, when done with reasonable and proper care; nor is such construction necessarily a nuisance. These obstructions in the public streets can not be avoided in the erection of buildings, and the temporary inconvenience to travel must be submitted to from necessity.

Complaint is also made that the court erred in refusing plaintiff's instructions, and in giving defendant's instructions. The instructions given for the defendant appear to be in harmony with the law, as herein stated, and they are correctly given.

The instructions asked by the plaintiff all proceeded upon the theory that the defendant was liable under the proof, notwithstanding he had contracted the work to another, which we have seen is not the law in this State, and the instructions were properly refused.

Finding no error in the decree, the judgment is affirmed.

*Judgment affirmed.*