JOSEPH BURNS, Appellant, v. MARGARET McDONALD, Respondent.

St. Louis Court of Appeals, April 17, 1894.

Liability of Landlord for Negligence of Independent Contractor. A landlord who employs a competent and fit person to do a piece of work, not itself unlawful or attended with danger to others, will not be answerable for the negligence of such person, if the latter occupy the position of an independent contractor; and that relation will exist, if the contractor is employed to do the work according to his own methods and is subject to control only as regards the result.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*John J. O'Connor* and *J. J. O'Donohue* for appellant.

The court erred in taking from the jury the question of whether or not the plumber who left the door open was an independent contractor, or under the control of respondent through her agent, Scanlon. The real test is whether the employer exercised or reserved the right to exercise any control over him in the doing of the work, and where the evidence raises the inference that she did, even though she may not have exercised such control, the question whether he was or not an independent contractor is one for the jury. *Fink v. Mo. Fur. Co.*, 10 Mo. App. 65, 66; *Crocket v. Calvart*, 8 Ind. 127; *Kellog v. Payne*, 21 Iowa, 575; *Pawlet v. Railroad*, 28 Vt. 297; *Kimball v. Cushman*, 103 Mass. 194; *Larson v. Railroad*, 110 Mo. 241. But, if defendant be not liable through the acts of her agent, then she is at least liable as landlord; for, though a landlord is not bound to make repairs in the absence of an agreement to do so, still if he causes repairs to be made, he will be liable to a tenant for injury resulting from the negligent manner of making the same. *Little v. McAdaras*, 38 Mo. App. 189.

*P. W. Fauntleroy* for respondent.

BRIGGS, J.—The defendant is the owner of certain tenement buildings. She employed Mr. Krueger, who is a plumber by trade, to make certain repairs on the buildings. The man, who was sent by Krueger to do the work, left a trapdoor open which led into the cellar. This door is located in a narrow hall, and the plaintiff in passing along the hall fell into the cellar through the open door, receiving serious personal injuries. He brought this suit to recover damages therefor,

and at the close of his evidence he was compelled to submit to a nonsuit. The court having refused to set aside the judgment of nonsuit, he has brought the case here for review.

The only question for decision is whether the defendant as the owner of the buildings must answer to the plaintiff for the injuries received, or whether Krueger alone is responsible. If Krueger was the servant of the defendant, then on the principle of *respondeat superior* the latter is liable; but, if Krueger was an independent contractor, then he alone (if any one) is liable. Of this latter fact the plaintiff's evidence leaves but little, if any, doubt. Krueger was employed to do the work by the job. He was informed by the defendant that a tenant on the premises would show him what to do. This had no tendency to prove that the defendant reserved the right to direct *how* the work should be done. The details of the work were left to Krueger. This seems to be the test in determining the true relationship between the parties. Judge Thompson, in his work on negligence, thus defines an independent contractor: "The general rule is, that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work, not in itself unlawful or attended with danger to others, according to the contractor's own methods, and without his being subject to control, except as to the results of his work, will not be answerable for the wrongs of such contractor, his subcontractors, or his servants committed in the prosecution of such work. An independent contractor, within the meaning of this rule, is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. The contractor must answer for his own wrongs and the wrongs committed

in the course of his work by his servants." 2 Thompson on Negligence, p. 899. This statement of the law is in conformity with the adjudications of this state. *Hilsdorf v. City of St. Louis*, 45 Mo. 98; *Morgan v. Bowman*, 22 Mo. 538; *Clark's Adm'r v. Railroad*, 36 Mo. 202; *Barry v. City of St. Louis*, 17 Mo. 121; *Fink v. Missouri Furnace Co.*, 82 Mo. 276.

The judgment of the circuit court will be affirmed. All the judges concur.