(1 App. Div. 586.)

### FOLEY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

1. ACTION AGAINST CITY—PERSONAL INJURIES—FILING NOTICE.
Under Laws 1886, c. 572, providing that action against a city for personal injuries cannot be maintained unless notice of intention to commence the action is "filed" within six months after accrual of cause of action, the notice must be in writing.

2. SAME—PLEADING—NOTICE.
Filing notice, being a condition precedent to the action, must be pleaded in the complaint.

Action by Annie Foley against the mayor, aldermen, and commonalty of the city of New York. The complaint was dismissed at the circuit, and plaintiff moves for new trial on exceptions ordered to be heard in the appellate division in the first instance. Denied.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Miller & Miller, for plaintiff.

Theodore Connoly, for defendants.

RUMSEY, J. The action was brought to recover damages for injuries which plaintiff alleged she sustained by reason of the negligence of the defendants. The complaint did not allege that notice of intention to commence the action had been filed with the counsel to the corporation within six months after cause of action accrued, as required by chapter 572 of the Laws of 1886. Before any evidence was given, the court dismissed the complaint, on the defendants' motion, it being conceded that no written notice had been filed, but that only oral notice had been given. An oral notice is not a compliance with the statute. When the law requires a notice to be filed, it implies that the notice shall be in writing. Pearson v. Lovejoy, 53 Barb. 407, and cases cited. A notice by word of mouth cannot be filed. The filing of the notice is a condition precedent to the existence of a cause of action. Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. The fact of the filing must be set up in the complaint, or a cause of action is not alleged. Merz v. City of Brooklyn (City Ct. Brook.) 11 N. Y. Supp. 778, affirmed 128 N. Y. 617, 28 N. E. 253.

There was no error at the circuit, and the motion for a new trial must be denied, and judgment for defendants ordered on the verdict, with costs of the application and of the court below. All concur.