(15 App. Div. 440.)

### WHITE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   March 19, 1897.)

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF INTENT TO SUE
   Injury to the health of plaintiff's wife and children, caused by stagnant water, is a "personal injury," notice of intent to sue for which is required by Laws 1886, c. 572, to be filed with the corporation counsel.

2. SAME—NEGLIGENCE OF CONTRACTOR—LIABILITY OF CITY.
   A city does not become liable for the negligence of a contractor making a public improvement merely because the contract did not provide that the contractor should use care to prevent such conditions as that complained of.

Appeal from special term, New York county.

Action by Walter R. White against the mayor, aldermen, and commonalty of the city of New York to recover damages for injury to the health of plaintiff's wife and children, alleged to have been caused by an accumulation of surface water.   From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas Darlington, for appellant.

Terence Farley and Francis M. Scott, for respondent.

RUMSEY, J.   According to the allegations of the complaint, the injury was caused by the negligence of the defendant, and the result of that negligence was clearly a personal injury, within subdivision 9 of section 3343 of the Code of Civil Procedure.   The action is there-

fore brought to recover damages for personal injury sustained by reason of the negligence of the defendant, and it is within chapter 572 of the Laws of 1886, which prescribes that no such action shall be maintained unless notice of an intention to commence such an action shall have been filed with the counsel to the corporation within six months after the cause of action shall have accrued.    The filing of this notice has been held to be a condition precedent to the existence of the cause of action (Foley v. City of New York, 1 App. Div. 586, 37 N. Y. Supp. 465); and, unless such a filing has been alleged, the complaint is defective upon demurrer.

But, passing that point, we are of the opinion that in other respects the complaint is defective.    The action is brought to recover damages for the carelessness and neglect of the officers and agents of the city of New York.    The allegations of the facts which are alleged to constitute such neglect are found in the fifth paragraph of the complaint.    The work which was to be done, and for which the city had contracted, was the grading and improvement in other respects of Ninth avenue; and it is alleged that the work was to be done by a contractor with whom the city had entered into an agreement for that purpose.    The fifth allegation of the complaint sets up that the cause of the accident was the neglect of the said contractor or his servants and agents to see that the surface water, sewage, and drainage, whenever it should accumulate through being impeded by reason of the regulating and grading of Ninth avenue, should have a sufficient outlet, and be discharged and carried off; and it is said in the complaint that, by reason of that neglect, the surface water, sewage, and drainage accumulated about the premises occupied by the plaintiff and caused the injuries complained of.    From this allegation we see that the proximate cause of this injury was the neglect of the contractor. This neglect was the violation of the duty which the law imposed upon the contractor.    It was the act of an independent person, for which he was liable; and the city is not liable unless there is disclosed by the other allegations of the complaint some neglect of duty on its part which could be said to be the origin of the neglect of the contractor which was the immediate cause of the injuries sustained.    In actions of this nature the law looks to the proximate cause of the injury which is complained of; and, if that proximate cause is the result of the action of some independent person, the law looks no further to find a responsible agent who must answer for the injury which his act has caused.    Therefore the contractor is liable for this act of his. unless, by some allegation of the complaint, the plaintiff has made it appear that there was a misfeasance or malfeasance on the part of the officials of the city, which caused the contractor to do this work negligently, and for that reason that the origin of the injury complained of could be traced to the action of the city setting in motion the immediately efficient cause of the wrong.    Unless some wrongful act of the city was the moving cause of the negligence of the contractor, without which he would not have been negligent, the law will attribute the injury solely to his neglect, and hold him only liable for it. Railway Co. v. Kellogg, 94 U. S. 469–475.

The question, therefore, is whether this complaint discloses any act on the part of the city, or any neglect of its officers, by reason of which it can be said that the contractor was negligent. The work to be done was the improvement and grading of the public street. Ordinarily, the city is not liable for any injuries occasioned by the negligence of the contractor in doing that work. Pack v. Mayor, 8 N. Y. 222. Such liability can only exist where the work to be done is such that it is attended with danger, however skillfully and carefully it is performed, in which case, as the doing of the work itself is likely to produce an injury, the person who causes it to be done is held to be liable for what may be the natural consequences of the acts which he has set in motion. 2 Dill. Mun. Corp. § 1029. The city may also be held liable for injuries inflicted in work of this kind, although the work itself, if properly done, is not likely to produce injury, where, although the work has been let to an independent contractor, the city has retained control of the manner of doing it, so that it has the right to give directions as to the steps which shall be taken to produce the result. In that case, as the city has control of the acts done by the contractor, and may prevent any negligence on his part, it is held to be liable for any negligence which he is guilty of, because it has not prevented it. Goldschmid v. Mayor, etc., of New York, 14 App. Div. 135, 43 N. Y. Supp. 447. But neither of those conditions is alleged to exist here. The allegation here is that the officials of the city, in making the contract, failed to provide that the contractor should care for and remove all surface water, sewage, and drainage which would necessarily be interfered with, impeded, and backed up by reason of the grading of the street; and that is to be coupled with the further allegation that the contractor was negligent in not caring for this surface water and drainage. So, the allegation substantially is that the defendant failed to insert in its contract a provision that the contractor should not be negligent, and that he was negligent, and his negligence thus permitted caused the injury. The defect in the complaint is that the law does not require the city to make any affirmative provision in its contract that the contractor shall not be guilty of negligence. Whenever the city makes a contract with any person to do an act which may be done properly, it is necessarily implied in the contract that the act is to be done in a careful, prudent, and lawful manner. Mayor, etc., v. Brady, 81 Hun, 440, 30 N. Y. Supp. 1121. The law always implies that every person who is authorized to do any act which, if it is done improperly, may injure his neighbor, will do that act without negligence, and such an implication is a necessary part of every contract. It is not alleged in this complaint that the contractor's negligence was caused by the failure of the city to provide against it, and there is nothing in the complaint from which it can be inferred that this failure in any way lay at the bottom of the negligence of the contractor. So far as appears, it was an independent act of his own, not arising from any provision of the contract, and one for which he only was liable. For this reason, as well as for the reason first given, we think that the demurrer to the complaint was properly sustained.

The judgment must be affirmed, with costs, with leave to the plaintiff to amend in 20 days, on payment of the costs of this appeal and of the court below.

PATTERSON, O'BRIEN, and INGRAHAM, JJ., concur.   VAN BRUNT, P. J., concurs in result.