(57 App. Div. 164.)

### McNEIL v. MERRIAM.

(Supreme Court, Appellate Division, Second Department. January 25, 1901.)

1. COSTS—ACTION BY ADMINISTRATOR—SECURITY—DISCRETION—MOTION — NOTICE.

Where a defendant seeks to invoke the discretion of the court under Code Civ. Proc. § 3271, providing that, where an action is by an administrator in his representative capacity, the court, in its discretion, may require the plaintiff to give security for costs, he must apply on notice, and an order granted ex parte, requiring security under this section, will be set aside.

2. SAME—ADMINISTRATOR—SECURITY—DISCRETION.

Where, in an action by a widow as administratrix, she is the real party in interest, and the estate consists principally of the cause of action, and the claim on its face is meritorious, Code Civ. Proc. § 3271, providing that in an action by an administrator in his representative capacity the court, in its discretion, may require the plaintiff to give security for costs, does not justify an order requiring such security, unless it is manifest that there is bad faith involved, or some other serious objection to the party proceeding without such guaranty; and the mere allegation of defendant's attorney that his client is believed to have a good defense is not sufficient to authorize an order requiring the giving of security in such case.

Appeal from special term, Kings county.

Action by Sarah McNeil, as administratrix on the goods, chattels, and credits of Paul McNeil, deceased, against William H. Merriam. From an order denying plaintiff's motion to vacate and set aside an ex parte order directing plaintiff to give security for costs, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Alfred C. Cowan, for appellant.
Charles L. Cohn, for respondent.

WOODWARD, J. This action was brought under the provisions of section 1902 of the Code of Civil Procedure for damages for the loss of the life of plaintiff's husband through the alleged negligence of the defendant. Defendant's attorney made an ex parte motion before the court at special term to compel the plaintiff to give security for the costs in the action. This motion was granted upon the affidavit of the defendant's attorney, who, in addition to the formal averments, states that he has examined the records in the clerk's office, and finds no deposit made, or bonds or undertakings filed, by or on behalf of the plaintiff for security, "and from a statement of the case in this action made to me by the defendant I verily believe that he has a good and substantial defense upon the merits to the cause of action set forth in the complaint." On these grounds alone the motion was made, and the order granted compelling the plaintiff to deposit $250, or to give security for the costs. Plaintiff's attorney subsequently made a motion to vacate this order, and an order to show cause why the order should not be set aside was served on defendant's attorney, but upon the hearing of the motion it was denied, and from the order denying this motion this appeal is taken.

By the provisions of section 3271 of the Code of Civil Procedure the court is given a discretionary power to require the plaintiff in an action brought by an executor or administrator to give security for the costs. But this discretion must have some basis of fact. It is not the discretion of the judge, but of the court, which is demanded; and this contemplates a judicial discretion, and was evidently designed to put it in the power of the court to prevent improvident litigation on the part of persons acting in a representative capacity, rather than to defeat the legal rights of persons. "When," says Mr. Justice Barker in Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304, "the application is based upon the provisions of section 3271, notice of motion is required, and the application must be made to the court"; while in the matter now before us the motion was made and granted ex parte. The general rule is that parties may put their claim before a competent court without any obligation to secure costs to the opposite party in case of failure (Fessenden v. Blanchard, 48 Hun, 350, 1 N. Y. Supp. 105), and in the present instance it appears that the estate consists principally of the present cause of action. To require a plaintiff, such as this one, who is described in the affidavit of her attorneys as "a very poor person," to give security for costs in every case in an action on which depends her only hope of that support which had been denied her through the death of her husband, is far from the purpose of the provision of the Code under which the order was granted. The claim is, upon its face, meritorious; and the mere allegation of the defendant's attorney that his client is believed to have a good defense is not a sufficient groundwork for the interposition of the discretion confided in the court. No special ground is

presented for the exercise of such discretion. The plaintiff in this action, although appearing as administratrix, is in fact the real party in interest. The court is not justified in extending its discretion to a case of this character, unless it is manifest that there is bad faith involved, or some other serious objections to the party proceeding without the guaranty provided for by the Code. When the defendant invokes discretion under section 3271, he must apply to the court, and necessarily upon notice. Pursley v. Rodgers, 44 App. Div. 139, 142, 61 N. Y. Supp. 1015. In the absence of such procedure, this court will not presume that plaintiff's attorney has waived any of the rights of his client, in support of an order which may deprive the plaintiff of the power of enforcing a meritorious claim.

The order appealed from should be reversed, and the order granting defendant's motion should be vacated and set aside, with costs. All concur.

---

(33 Misc. Rep. 47.)

### WHITMAN v. HOLMES PUB. CO. et al.

(Supreme Court, Special Term, New York County. November, 1900.)

**1. CORPORATIONS—STOCKHOLDERS — TRANSFER OF ASSETS—FRAUD ON STOCK-HOLDERS—RELIEF.**

When complainant, a stockholder, alleged that one of defendants was the recipient of a fraudulent transfer of the corporate assets, and prayed that the directors be suspended from office, that a receiver be appointed, and for other equitable relief, the fact that under Code Civ. Proc. §§ 1781, 1782, directors can only be suspended from office by proceedings by the attorney general, did not prevent the action being maintained, it appearing on trial that plaintiff was entitled to equitable relief.

**2. SAME—FOREIGN CORPORATION.**

A resident stockholder of a foreign corporation, claiming a transfer of corporate assets to have been fraudulent, may maintain an action for a receiver and other equitable relief.

**3. SAME—EVIDENCE.**

When plaintiff, a stockholder, claimed a transfer of the corporate assets to one of defendants to have been fraudulent, and sued for the appointment of a receiver, and other equitable relief, and it appeared that plaintiff had purchased 50 per cent. of the stock from the transferee, who represented the assets as worth $15,000; that the directors consisted of members of the transferee's family and an employé of his; that the transfer was effected by correspondence between the transferee and the employé, having offices on the same floor of a building; and that the consideration for the transfer was $210,—plaintiff was entitled to a judgment appointing a receiver, requiring the employé to account for his conduct as a director and for the property received, and that the transferee be enjoined from disposing of the property transferred.