GMAEHLE v. ROSENBERG et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1903.)

1. ADMINISTRATORS—SECURITY FOR COSTS.
   Where the complaint in an action by an administrator for the death of his decedent fails to state a cause of action, security for costs should be required.

2. SERVANT—NEGLIGENT DEATH—COMPLAINT—SUFFICIENCY.
   A complaint, brought under Laws 1902, c. 600, to recover for the death of a servant, which fails to aver that notice of the injury was given the master as required by section 2, does not state a cause of action.

Appeal from Special Term, New York county.

Action by Charles Gmaehle, administrator of Charles Gmaehle, deceased, against Morris Rosenberg and another. Order denying defendants' motion for security for costs, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

David Steckler, for appellants.
Morris Hillquit, for respondent.

O'BRIEN, J.   The action is brought to recover the damages sustained by the next of kin by reason of the death of Charles Gmaehle through the alleged negligence of the defendants. The summons and complaint having been served, the defendants moved for security for costs, which motion was denied, and from the order thereupon entered this appeal is taken.

The question of whether, in such an action, the defendant is entitled to security for costs, is one within the sound discretion of the Special Term. In determining, however, whether such discretion has been properly exercised, there are certain well-established rules which are controlling. Whether the administrator is financially responsible, and whether the estate has any other asset than the cause of action, are immaterial, provided it is made to appear that the plaintiff has a good cause of action, which he is prosecuting in good faith. Under these latter circumstances, the rule is that ordinarily an administrator shall not be required to give security for costs. Rutherford v. Town of Madrid, 77 Hun, 545, 28 N. Y. Supp. 923; McNeil v. Merriam, 57 App. Div. 164, 68 N. Y. Supp. 165.

Here, however, we think the motion should have been granted for the reason that it appears from the complaint that no cause of action is alleged. The complaint is undoubtedly framed under chapter 600 of the Laws of 1902, which is entitled "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees." By section 2 thereof it is provided:

"No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death. * * *"

Then follows a statement of what notice is required in case of death without having given such notice, and how the notice shall be served.

There is no allegation in this complaint that the notice required by this act was given; and this omission, we think, is fatal, because such notice is a condition precedent to the maintenance of the action, and the statement that it was given is essential to setting forth a good cause of action. Merz v. City of Buffalo (City Ct. Brook.) 11 N. Y. Supp. 778, affirmed in 128 N. Y. 617, 28 N. E. 253; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Foley v. Mayor, 1 App. Div. 586, 37 N. Y. Supp. 465; White v. Mayor, 15 App. Div. 440, 44 N. Y. Supp. 454; Krall v. City of New York, 44 App. Div. 259, 60 N. Y. Supp. 661; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792.

Most of the cases cited arose under chapter 572, Laws 1886, which was a statute in terms similar to the employers' liability act (chapter 600, Laws 1902), in providing for notice to be given to the cities within the state of the time and place of the injuries in actions for negligence; and the former statute (chapter 572, Laws 1886) contained the additional provision that notice of intention to sue was required. In those cases it was held that a complaint which failed to allege compliance with the statute was bad.

The citation of authorities, however, is unnecessary, because chapter 600 of the Laws of 1902, in terms, makes the giving of notice a condition precedent to the maintenance of the action; and a statement that such notice was given is made an essential averment of the cause of action. The fact that such notice was given should therefore be alleged in the complaint. It follows that, upon the ground that the complaint here is insufficient in alleging a cause of action, the motion requiring the giving of security for costs should have been granted.

The order accordingly is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event. All concur.