Irving S. Dick, Plaintiff, *v.* Sunbright Steam Laundry Corp., Defendant and Third-Party Plaintiff-Respondent. City of New York, Third-Party Defendant-Appellant.

Appeal from an order of the Supreme Court at Special Term, entered May 25, 1953, in New York County, which denied a motion by third-party defendant for an order dismissing the amended third-party complaint.

Order affirmed, with $20 costs and disbursements to respondent.

Bergan, J. (dissenting). If section 193-a of the Civil Practice Act and subdivision a of section 394a–1.0 of the New York City Administrative Code may function together we are not at liberty to disregard one of them because we may think their functioning together is a procedural oddity. Our duty lies the other way: to save them both if we can find them to be harmonious. Section 193-a, dealing with third-party practice authorizes a defendant in an action on a summons and complaint to bring in a new party and assert a claim against such a party.

The Administrative Code provision directs that in every action "for any cause whatever" maintained against the city the complaint shall show that the claim upon which the action is founded was presented to the comptroller and he refused to pay it.

In the third-party complaint against the City of New York now before the court, the third-party plaintiff sets up the institution of plaintiff's action against it and asserts that if plaintiff recovers, the city is or may be liable over to third-party plaintiff under a theory of liability duly pleaded.

It can scarcely be doubted that this is an action for a cause that falls literally within the Administrative Code requirement. It is a contingent cause, depending ultimately on whether plaintiff recovers from the third-party plaintiff which asserts the cause against the city. The statute is not limited to a requirement that only in definite and matured causes the claim must be "presented" to the comptroller before an action is maintained; it requires such presentation to precede an action "for any cause whatever".

If the cause is definite enough to be set down in words in a third-party complaint it is definite enough to be presented in written words to the comptroller. Conceivably the comptroller could recognize the liability and pay the damage to the party entitled to receive it. But whether he did or not, the Legislature has prescribed what a complaint against the city must show to state a good cause of action and unless it is either impossible to do what the statute prescribes or so unthinkable to do it that the Legislature could never have intended it be done, the statute must be followed according to its plain words.

In *Reining* v. *City of Buffalo* (102 N. Y. 308) Chief Judge RUGER said that the pleading of presentation of the claim required by a similar statute· is required in all actions "whatsoever", using a word cognate to that now found in the Administrative Code and that the failure to plead such presentation was not a mere matter of defense, but the statute constituted "an express prohibition against the action, until performance of the condition" (p. 311). In *Curry* v. *City of Buffalo* (135 N. Y. 366) it was held that the commencement of the action was not the equivalent of such notice. This court reached a consistent conclusion in dealing with a claim against the City of New York in *Foley* v. *Mayor* (1 App. Div. 586) in an opinion by RUMSEY, J.

The order should be reversed and the third-party complaint dismissed.

DORE, J. (dissenting). In addition to the reasons for reversal and dismissal set forth in the dissenting opinion of BERGAN, J., I vote to dismiss on the further ground that on the facts alleged in the original complaint and the third-party complaint, the city is not liable over on any theory to the original defendant for any recovery the original plaintiff may obtain against that defendant.

In the original complaint against defendant laundry plaintiff alleged that through the negligent operation of its machinery waste water seeped into the basement of plaintiff's premises. In the third-party amended complaint, the laundry alleges that the damages were caused solely by reason of the defective condition of repairs in the city's sewer pipes and sewer mains. No basis of facts is stated on which the city could be liable for the negligent operation of the laundry's machinery. A landlord's covenant to repair is not a contract to indemnify.

Accordingly, for the reasons herein, I also dissent and vote to reverse the order appealed from and dismiss the third-party complaint.

Peck, P. J., Cohn and Callahan, JJ., concur in decision; Dore and Bergan, JJ., dissent in separate opinions.

Order affirmed, with $20 costs and disbursements to the respondent. [See *post*, p. 1027.]