(57 App. Div. 212.)

DAVIDSON v. BOSE.

(Supreme Court, Appellate Division, Second Department. January 31, 1901.)

1. COSTS—SECURITY—AFFIDAVIT—SUFFICIENCY.

An affidavit alleging that affiant was informed by the owner of certain premises that plaintiff had resided thereon until a certain time, when she left, and went to reside in another state, contains only hearsay evidence, and is not a proper basis of an order requiring security for costs on the ground that plaintiff is a nonresident.

2. SAME—ACTION BY ADMINISTRATRIX.

Where there is no evidence of bad faith on the part of plaintiff, an administratrix claiming damages for the negligent killing of her husband, and the complaint states a meritorious cause of action, which is undisputed, it is an abuse of discretion to require her to file security for costs, under Code Civ. Proc. § 3271, providing that in an action by an administrator in his representative capacity, the court may, in its discretion, require security for costs.

Appeal from special term.

Action by Fanny Davidson, as administratrix of James Davidson, deceased, against John N. Bose. From an order requiring plaintiff to give security for costs, she appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Thomas F. Murtha, for appellant.
Andrew F. Van Thun, Jr., for respondent.

WOODWARD, J. The action was brought under the provisions of section 1902 of the Code of Civil Procedure for damages for the

loss of the life of plaintiff's husband through the alleged negligence of the defendant. A motion was made at special term upon affidavits to require the plaintiff administratrix to give security for costs in the action. It is not disclosed in the moving papers whether the defendant is proceeding under section 3271 of the Code of Civil Procedure, which provides for giving security for costs by executors and administrators, or under the section providing for the giving of security for costs by nonresidents. Upon the argument his counsel contended that he was proceeding under both. The only evidence in the moving papers of the nonresidence of the plaintiff is to be found in the affidavit of one Grady, a clerk in the office of the plaintiff's attorney, who swears:

"That on the 3d day of December, 1900, at 1125 St. Marks avenue, Brooklyn, New York City, he called upon Mrs. Augusta V. Smith, who is the owner of said premises, and made inquiry concerning the whereabouts of Fanny Davidson, the plaintiff in this action; that he was informed by said Augusta V. Smith that said Fanny Davidson formerly resided at said address, and resided there until the last week of September, 1900; that said Fanny Davidson then left, and went to reside with her brother at No. 452 Merrimac street, Manchester, New Hampshire."

It will hardly require discussion to determine that this affidavit contains none of the elements of legal evidence, and is not a proper basis of an order to give security for costs on the ground that the plaintiff is a nonresident. As to the propriety of requiring an administratrix to file security under section 3271 of the Code, this court, in the case of McNeil v. Merriam (not yet officially reported) 68 N. Y. Supp. 165, has held that "the court is not justified in extending its discretion to a case of this character, unless it is manifest that there is bad faith involved, or some other serious objections to the party proceeding without the guaranty provided for by the Code." There is no evidence of bad faith in this case, but, on the contrary, the plaintiff, in her complaint, states a meritorious cause of action, which is as yet undisputed, even by an answer.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.