## CLARENDON v. MILLIKEN BROS., Inc.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. COSTS—ACTION BY NONRESIDENT ADMINISTRATRIX—SECURITY FOR COSTS—
   DISCRETION OF COURT.

   Code Civ. Proc. § 3268, subd. 1, requires nonresident plaintiffs to give security for costs; but subdivision 4, providing for such security from persons suing in representative capacities, contains no provision relating to executors or administrators. Section 3271 authorizes the court, in its discretion, to require representative plaintiffs, including executors and administrators, to give such security. Plaintiff, a nonresident, was appointed administratrix in New York of a nonresident decedent's estate, and sued to recover damages for decedent's death. *Held,* a motion to require plaintiff to give security for costs was not a matter of right, but was addressed to the court's discretion.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 427–438, 456.]

2. SAME.

   Security for costs will not be required, under Code Civ. Proc. § 3271, which provides that the court may in its discretion require an administrator, suing in his representative capacity, to give such security, unless it is manifest that there is bad faith involved, or other serious objection to plaintiff proceeding without such guaranty.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 456.]

Appeal from Special Term, Richmond County.

Action by Carrie J. Clarendon, as administratrix of William S. Clarendon, deceased, against Milliken Bros., incorporated, to recover damages for the death of plaintiff's intestate by reason of defendant's negligence. From an order denying defendant's motion to require plaintiff, a resident of the state of New Jersey, of which state decedent

was also a resident, to give security for costs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Louis Cohn, for appellant.
Burnham Kalisch, for respondent.

JENKS, J. I agree with Barrett, J., in Pursley v. Rodgers, 44 App. Div. 139; 61 N. Y. Supp. 1015, that this plaintiff was not required absolutely to give security for costs under section 3268 of the Code of Civil Procedure. Under section 3271 of that Code it was a matter of discretion with the court, and I think that its order should not be disturbed, inasmuch as it is within the rule which we laid down in McNeil v. Merriam, 57 App. Div. 164, 68 N. Y. Supp. 165, and Davidson v. Bosé, 57 App. Div. 212, 68 N. Y. Supp. 316, per Woodward, J.:

"The court is not justified in extending its discretion to a case of this character, unless it is manifest that there is bad faith involved or some other serious objections to the party proceeding without the guaranty provided for by the Code."

See, too, 2 Nichols' New York Practice, p. 1891, and authorities cited.

McNeil's Case, supra, is cited with approval in Gmaehle v. Rosenberg, 80 App. Div. 542, 80 N. Y. Supp. 705.

The order is affirmed, with $10 costs and disbursements. All concur.