(24 Misc. Rep. 411.)

## CROWELL v. BILLS.

(Supreme Court, Special Term, Broome County. August, 1898.)

1. COSTS—SECURITY—NONRESIDENTS.

     A nonresident suing as executor and as an individual will be required to furnish security for costs only where it is proper to require the security from him as executor.

2. SAME—EXECUTORS.

     In an action by a nonresident executor to foreclose a mortgage, security for costs will not be required at the instance of defendants who are mere

adverse claimants of the mortgage, and who will be compelled to bring a similar suit unless the executor's suit is prosecuted, and a majority of whom are themselves nonresidents.

Action by John W. Crowell, individually and as executor of the will of Sarah Decker, deceased, against Charles M. Bills and others, to foreclose mortgages. Heard on motion by defendants Sigison, Chester, and Bonnell for security for costs. Denied.

Roswell R. Moss, for plaintiff.

King & Chamberlin, for defendants.

LYON, J. I do not think that Crowell, as executor, should be compelled to give security for costs. Unless he should be, the motion must be denied, although the executor individually is also a party plaintiff, and is a nonresident. McDougal v. Gray (Sup.) 4 N. Y. Supp. 74. The answer alleges that there are creditors of the estate of Sarah Decker, deceased. The estate must therefore be administered for the benefit of others as well as plaintiff, Crowell; and as this alleged asset of the estate is a bond secured by a mortgage upon lands within this state, and is substantially the only available asset, the executor is compelled to institute these proceedings for the foreclosure of this mortgage within the state; and, inasmuch as the moving defendants claim to be the owners of the bond and mortgage, the plaintiff is compelled to make them parties to the action. The moving defendants are as much interested as the plaintiff in the determination of the ownership of this bond and mortgage. They claim to own the bond and mortgage. The mortgagor refuses to pay any person until the rights of the rival claimants have been determined. Two of the moving defendants are themselves nonresidents. Unless this action is prosecuted, the moving defendants must themselves bring an action similar to this action brought by plaintiff, making the plaintiff herein a party defendant. I think the court would not, under the circumstances, be justified in granting a motion requiring the plaintiff to give security for costs, and that the motion should be denied.

Motion denied.