(44 App. Div. 139.)

PURSLEY v. RODGERS et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ACTION BY NONRESIDENT ADMINISTRATOR—SECURITY FOR COSTS—DISCRETION OF COURT.

Code Civ. Proc. § 3268, subd. 1, requires nonresident plaintiffs to give security for costs: but subdivision 4, providing for such security from persons suing in representative capacities, contains no provision relating to executors or administrators. Section 3271 authorizes the court, in its discretion, to require representative plaintiffs, including executors and administrators, to give such security. *Held,* that where plaintiff, a nonresident, was appointed administratrix in New York of a resident decedent's estate, and sued for his wrongful death, occurring in New York, a motion to require plaintiff to give security for costs was not a matter of right, but was addressed to the court's discretion.

2. SAME.

Where a nonresident was appointed administratrix of an intestate's estate in New York, and sued for such intestate's wrongful death, on behalf of the intestate's next of kin, who were all nonresidents, and there was no apparent estate or property in New York from which costs might be collected, such facts entitle the defendant to the favorable exercise of the court's discretion, requiring plaintiff to give security for costs.

Appeal from special term.

Action by Louisa C. Pursley, as administratrix of Charles F. Pursley, deceased, against John C. Rodgers and the Edgemoor Bridge Works. From an order denying defendants' motion to require plaintiff to give security for costs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

L. E. Warren, for appellants.
Charles R. La Rue, for respondent.

BARRETT, J. If the question here were solely whether an administratrix appointed in this state, who happened individually to be a nonresident, was absolutely required to give security for costs under section 3268 of the Code of Civil Procedure, I should have no hesitation—following the almost unbroken line of special-term authority (Hall v. Waterbury, 5 Abb. N. C. 356; McDougal v. Gray [Sup.] 4 N. Y. Supp. 74; Flynn v. Tinney [Sup.] 60 N. Y. Supp. 791; Crowell v. Bills, 24 Misc. Rep. 411, 53 N. Y. Supp. 647)—in holding that she was not. The reason is obvious. Section 3268, subd. 1, plainly relates to persons suing as individuals. When the same section also brings within its area persons suing in certain representative capacities, it carefully enumerates and limits each particular official status thus embraced. Subdivision 4. It consequently recognizes and gives effect to the construction that in the one instance

the action is personal;· in the other, representative. In the latter case the substantial plaintiff is the estate, not the individual. As there must formally be some concrete personality to represent the estate, an individual is appointed by law, and that individual brings the action as administrator The administrator thus appointed by our courts is not, as such, "a person residing without the state," within the meaning of the section cited. He is but the legal representative of the deceased person. His action relates ·solely to the estate of that deceased person. That action is necessarily brought in the form prescribed by law, and thereby the estate, as an intangible entity, comes into court as the real and beneficial plaintiff. This distinction between the individual and the representative plaintiff is emphasized by the special provisions of sections 3271 and 3246 of the Code. Under section 3271 the court is authorized, in its discretion, to require the representative plaintiff to give security for costs. Under section 3246 the costs awarded against a representative upon a final judgment are collectible exclusively from the estate represented, unless the court directs them to be paid by him personally for mismanagement or bad faith in the prosecution of the action. It was at one time held that section 3271 was controlled or limited by section 3246, and that consequently the court had no power to require security for costs from the representative unless, upon the application therefor, mismanagement or bad faith were made to appear. The court of appeals in Tolman v. Railroad Co., 92 N. Y. 353, overruled the decisions where this view prevailed, and held that the two sections should be construed separately and independently, and that the court had power under section 3271 to require security for costs from one bringing suit in his representative capacity, without evidence of mismanagement or bad faith, and aside from the ultimate question of his personal liability for costs under section 3246. It is clear, therefore, that the court below was authorized to exercise its ordinary discretion upon the subject. The real questions presented upon this appeal, therefore, are: First, whether the discretion of the court was invoked by the procedure below; and, second, if it was, whether that discretion, upon the conceded facts, was properly exercised.

The respondent contends that the discretion of the court was not invoked under section 3271, and that the application below was denied for the reason that the defendant claimed security as an absolute right, under subdivision 1 of section 3268; that is, solely because the administratrix was a nonresident. The papers do not warrant the latter contention. The nonresidence of the plaintiff was but one of the facts upon which the application was founded. Then, too, the procedure indicates the contrary. Where a defendant claims security as a matter of right under section 3268, the mode of securing that right is prescribed in section 3272. The latter section plainly contemplates an ex parte application. This is its language:

"Where security for costs is required to be given, the court * * * upon due proof by affidavit of the facts, must make an order requiring the plaintiff within a time specified either to pay into court the sum of two hundred and

fifty dollars,  *  *  *  or at his election to file with the clerk an undertaking, and to serve a written notice of the payment or of the filing upon the defendant's attorney; and staying all other proceedings on the part of the plaintiff, except to review or vacate the order, until the payment or filing."

We are aware that this provision has been sometimes disregarded in this district, and that instead of applying ex parte, and awaiting the plaintiff's motion to vacate, defendants have moved on notice for security. The fact, however, that parties have occasionally deviated from the procedure formulated by the section, is not a circumstance to be seriously considered upon the question as to the inherent character of the application. When the defendant seeks security as matter of right, he is authorized to proceed ex parte, and to apply therefor to the court, or to a judge of the court. When he invokes discretion under section 3271, he must apply to the court, and necessarily upon notice. Here the defendant did not apply ex parte either to the court, or to a judge of the court. He moved the court upon notice, and not only upon an affidavit showing the plaintiff's nonresidence, but upon additional facts, not at all essential upon an application for security as matter of right, but quite important upon an appeal to discretion. These were contained in the complaint upon which, in addition to the affidavit of his attorney, the application was based. This complaint showed that the action was brought on behalf of the next of kin of the plaintiff's intestate, and that all of these next of kin, as well as the plaintiff, were residents of the state of Virginia. In opposition to the motion an affidavit of one of the plaintiff's attorneys was read, stating but the single fact that the action was brought in good faith. No proof was offered that the plaintiff's intestate left property either here or in Virginia. It is therefore a fair presumption that letters of administration were issued to the plaintiff solely to enable her to bring this action, and to secure therein damages for herself and the next of kin of the decedent. We thus have a case where the plaintiff and all the parties whom she represents are nonresidents of this state, and where there is apparently no estate or property of any kind, within our jurisdiction, or, indeed, elsewhere, from which costs, in case the plaintiff should fail in the action, can be collected. We think that these facts entitled the defendant to the favorable exercise of the court's discretion, that the application was addressed to that discretion, and that the defendant's motion for security should have been granted.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs; the latter to abide the event.

RUMSEY and McLAUGHLIN, JJ., concur.

INGRAHAM, J. (concurring). The action was brought to recover for the damages caused by the death of the plaintiff's testator by reason of the negligence of the defendant. Upon the complaint, and an affidavit that plaintiff, the administratrix, is a nonresident of the state of New York, and resides in the state of Virginia, the defendant made a motion to compel the plaintiff to give security

for costs. It appears by the complaint that the next of kin of
the deceased, for whose benefit the action was brought, also reside
in the state of Virginia. That motion was denied, and from the
order entered thereon the defendants appeal.

By section 3268 of the Code of Civil Procedure it is provided
that the defendant in an action brought in a court of record may
require security for costs to be given, as prescribed in this title,
where the plaintiff was when the action was commenced a person
residing without the state. This is a general provision applying to
all actions in which a nonresident is a plaintiff. In relation, how-
ever, to actions brought by executors or administrators, section
3271 of the Code provides that in an action brought by or against
an executor or administrator in his representative capacity the
court may, in its discretion, require the plaintiff to give security for
costs; and the question presented is as to which of these sections
is to control. If section 3268 controls, then the defendant had the
right to require security for the costs provided for. It does not
appear, however, that these two sections are inconsistent. Section
3268 refers to one class of plaintiffs, viz. nonresidents. In all
cases where the plaintiffs are nonresidents, the statute requires that
they shall give security for costs. There seems to be no restric-
tion as to the capacity in which the plaintiff brings the action.
The fact of the nonresidence of the plaintiff gives to the defendant
the right to require such security. Section 3271 provides for an-
other class. They are generally plaintiffs suing in a representative
capacity. It is the capacity in which they sue that determines
the question as to the power of the court to act under that section,
and there it is provided that the court may, in its discretion, re-
quire any person, whether a resident or nonresident, suing in a
representative capacity, to give security for costs. Thus, I think
that, where an executor or administrator is a plaintiff and a non-
resident, a defendant might move under either section, and the
court would have power to grant the application. A nonresident
or administrator is a plaintiff residing without the state, and comes
directly within the provisions of section 3268 of the Code. This action
is brought under the statute which authorizes an action by the per-
sonal representative of a deceased person for the benefit of the next of
kin. The nominal plaintiff is the personal representative of the de-
ceased. The real plaintiffs for whose benefit the action is brought are
the next of kin, both the nominal plaintiffs and the real parties inter-
ested being nonresidents. It seems to me that the plaintiff was a
nonresident. This is not the case where the personal representa-
tive of a resident of this state brings an action to enforce a demand
which was an asset of the estate of such resident, and to be ad-
ministered under the laws of the state. It might be in such a
case that as the estate of which the plaintiff was the representative
was here, and to be administered here, the residence of the repre-
sentative was not material. But where the action is brought by
one individual for the benefit of other individuals, and both the one
bringing the action and the ones for whose benefit it is brought
are nonresidents,—no one interested in the recovery in any manner

being a resident,—I cannot see upon what principle it can be said that the plaintiffs are not nonresidents. Sullivan v. Manufacturing Co., 2 Civ. Proc. R. 68, does not apply. That action was brought by a plaintiff who was a resident, and after issue joined the plaintiff died, when the action was revived on behalf of his administrator. The question in that case was whether, the action having been revived and continued in the name of the administrator, he could be required to give security for costs under section 3271 of the Code of Civil Procedure. It was held that that section was manifestly inapplicable, and did not include an action brought by a testator during his lifetime, and after his decease revived by his personal representative. Several special-term cases are cited in which a conclusion contrary to that above indicated is arrived at. They all seem to be based upon Hall v. Waterbury, 5 Abb. N. C. 356. This was under the old Code of Procedure, and it was held that under that Code the nonresidence of a plaintiff, where he is suing as assignee in bankruptcy, is not a reason for requiring him to give security for costs. It is not necessary to approve or disapprove of that decision, but I think that under the express and plain provisions of section 3268, Code Civ. Proc., before cited, this case comes within that section, and that the defendants were entitled to require the plaintiff to give security for costs. In Tracy v. Dolan, 31 App. Div. 24, 52 N. Y. Supp. 351, where the action had been continued by an administrator, he was required to give an additional undertaking because the surety on a former undertaking given by the testator in his lifetime had died, and the estate of the surety was insufficient to secure the payment of the amount specified in the undertaking. If an executor or administrator is not bound to give security for costs, it is difficult to see upon what principle the plaintiff was there required to give such security. If the grant of letters of administration has the effect of making the administrator a resident of the state, we had no right to require him to give security for costs because the former plaintiff had been a nonresident and had been required to give such security.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and RUMSEY, J., concur; McLAUGHLIN, J., in result.