(30 Misc. Rep. 416.)

### PODMORE v. SEAMEN'S SAV. BANK.

(Supreme Court, Appellate Term. February 8, 1900.)

SECURITY FOR COSTS—DISCRETION OF COURT.

An order requiring plaintiff to give security for costs cannot be sustained as an exercise of the court's discretion, where the motion therefor was based exclusively on affidavits assigning plaintiff's nonresidence as the sole ground therefor, and the complaint was not made a part of the moving papers.

On reargument. Reversed.

For former opinion, see 59 N. Y. Supp. 629.

Reargued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

FREEDMAN, P. J. The order of the general term of the city court, affirming the order of the special term of the city court, requiring the plaintiff to file security for costs, was affirmed upon two grounds: (1) That the case falls squarely within section 3268 of the Code, and that under that section the defendant was absolutely entitled to the order, on the ground that the plaintiff, although appointed by the surrogate of the county of New York, was shown to be a nonresident,

within the territorial jurisdiction of the city court; and (2) that, if the city court had any discretion in the matter, the order was properly made, under section 3271.

The sufficiency of the first ground has since that time been impaired by the prevailing opinion of the appellate division of the First department in the case of Pursley v. Rogers, 44 App. Div. 139, 61 N. Y. Supp. 1015. By the second ground it was not determined that the discretion of the city court had been invoked. A re-examination of the record discloses that the defendant's motion was made in the court below exclusively upon affidavits which assigned, as the sole ground for the motion, the fact of the plaintiff's nonresidence. The complaint was not made part of the moving papers. Consequently the discretion of the city court was neither invoked nor exercised. That being so, we feel constrained, by force of the prevailing opinion in Pursley v. Rogers, to reverse the order of the general term of the city court; but this should be done without prejudice to a renewal of defendant's motion upon discretionary grounds.

Order reversed, with costs, but without prejudice to defendant to renew the motion, if so advised, upon additional papers disclosing discretionary grounds. All concur.