Ottavio Drago, as Administrator, etc., of Alessandio Viscontino, Deceased, Respondent, *v.* Thomas Kavanagh, Appellant.

*Security for costs — in an action by a resident administrator to recover for the wrongful killing of his intestate whose next of kin are non-residents.*

The Special Term may, in its discretion, refuse to require security for costs from an administrator, a resident of the State of New York and amply able to respond to any judgment awarded against him personally, who has brought, in good faith, an action to recover damages for the wrongful killing of his intestate, who was also a resident of the State of New York, notwithstanding the fact that the intestate left no property, and that all of his next of kin are residents of Italy.

Van Brunt, P. J., and McLaughlin, J., dissented.

Appeal by the defendant, Thomas Kavanagh, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of November, 1900, denying the defendant's motion to require the plaintiff to give security for costs.

*William E. Stewart*, for the appellant.

*Tompkins McIlvaine*, for the respondent.

FIRST DEPARTMENT, DECEMBER TERM, 1900.            [Vol. 56.

RUMSEY, J.:

The plaintiff is a resident and citizen of this State and is the administrator of one Alessandio Viscontino, who, at the time of his death, was also a resident of this State. The plaintiff is the uncle of the intestate. The mother and next of kin of the intestate, his brothers and sisters, live in Italy. The action was brought to recover damages for the wrongful killing of the intestate by the defendant. The intestate had no property and left no estate except this cause of action. The plaintiff himself is a man of property and amply able to respond in costs if for any reason judgment should be directed against him personally. There is no charge of any bad faith on his part in bringing or maintaining this action, nor is there any reason to suppose that the plaintiff does not believe that he has a good cause of action.

The court below, in the exercise of its discretion, denied the motion for an order requiring the plaintiff to give security for costs. We see no reason why this discretion was not properly exercised. (*Rutherford* v. *Town of Madrid*, 77 Hun, 545; *Hale* v. *Mason*, 86 id. 499.)

The case of *Pursley* v. *Rodgers* (44 App. Div. 139) is not in point. In that case not only were all the next of kin of the intestate non-residents, but the administrator himself was such, and the decision was put purely upon the ground that he was not a resident. The rules laid down in that case do not apply here.

The order should be affirmed, with ten dollars costs and disbursements.

PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. The action is prosecuted in the interest of non-residents. The personal responsibility of the administrator in no way affords protection to the defendants. They have no recourse against his personal responsibility.

McLAUGHLIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.