DALY, Respondent, v. DOUGAN, Appellant. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by William C. Daly against William J. Dougan. No opinion. Motion denied.

DANIELS, Respondent, v. BLAIR, Appellant. (Supreme Court, Appellate Division, Third Department. September 16, 1902.) Action by Amos G. Daniels against Mary E. Blair. No opinion. Motion denied, with $10 costs.

DAVIES et al. v. CLARK. (Supreme Court, Appellate Division, First Department. October 24, 1902.) Action by William G. Davies and another against Francis A. Clark. No opinion. Motion granted, with $10 costs.

DEUTSCHMANN v. METROPOLITAN ST. R. CO. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Annie Deutschmann against the Metropolitan Street Railroad Company. No opinion. Motion denied, upon payment of $10 costs.

DEVEREUX, Respondent, v. METROPOLITAN LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Kate Devereux against the Metropolitan Life Insurance Company. No opinion. Order affirmed, with $10 costs and disbursements.

DOHENY et al., Respondents, v. WORDEN, Appellant. SALT SPRINGS NAT. BANK OF SYRACUSE, Respondent, v. SAME, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Actions by George Doheny and others and by the Salt Springs Nat. Bank of Syracuse against Stewart Worden. No opinion. Motions for reargument granted, and cases set down for argument for Friday, October 10th, next.

DOWNER, Respondent, v. CARTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by Mary E. Downer, as etc., against Louisa D. Carter, impleaded, etc.

PER CURIAM. Order affirmed, with $10 costs and disbursements. *Held,* that the motion to compel the plaintiff to file security for costs must be regarded as having been made under section 3271 of the Code of Civil Procedure, and was, therefore, addressed to the discretion of the court, and, considering all the circumstances, such discretion was not improperly exercised. Section 3268 does not apply, as the plaintiff is not a nonresident within the meaning of the Code. See Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015.

DRAKE HARDWARE CO., Respondent, v. WROUGHT IRON RANGE CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 18, 1902.) Suit by the Drake Hardware Company against the Wrought Iron Range Company. From an order restraining defendant from doing certain things, it appeals. Modified.

PER CURIAM. Held, without passing upon the sufficiency of the allegations of plaintiff's complaint upon this appeal, the same not having been demurred to, that the order appealed from should be modified, so as to read as follows: "It is hereby ordered that the said defendant, the Wrought Iron Range Company, and its agents, attorneys, servants, and all others acting in aid or assistance of it, and each and every of them, be, and they are hereby, restrained, prohibited, and enjoined, under the penalties of law prescribed, from preceding or following in close range any employé's team or teams of plaintiff with employé's team or teams, in such manner as to hinder, obstruct, harass, or intimidate plaintiff and its employés in the free use of the highway, and from in any other way occupying said highway in such manner as to hinder, obstruct, harass, or intimidate plaintiff and its employés in the free use thereof; except as hereinafter provided, from approaching and speaking to any actual or proposed customer or customers of the plaintiff, so long as said plaintiff's agents or servants are personally present and engaged in selling or negotiating the sale of a range or stove. and for the purpose of defeating a sale by the plaintiff, (this prohibition, however, not to interfere with any attempt by defendant or its agents, in any lawful, peaceful, and ordinary method, to persuade any person or proposed customer to buy its ranges, instead of plaintiff's); from resorting to any species of threats, intimidation, force, or fraud, or any conduct which would imply threats, intimidation, coercion, or force, for the purpose of preventing plaintiff from selling its stoves and ranges, and carrying on its business of selling stoves and ranges from wagons; from in any manner touching or interfering with the horses, wagons, harnesses, and property of plaintiff; and especially from procuring persons and proposed customers of plaintiff to reject its offers of sale of ranges by making counter offers of sale of defendant's ranges at lower prices and upon other more advantageous terms, and which orders, when received, defendant will not fill,"—and that, as so modified, said order be affirmed, without costs to either party as against the other.

DUANE, Respondent, v. RYAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Mary Duane, as administratrix, etc., against Henry F. Ryan. No opinion. Judgment and order affirmed, with costs.