MARY DOHERTY KELLY and HANNAH C. KELLY, as Administratrices
of the Estate of MAGGIE DOHERTY, Deceased, Respondents, v.
NORA MADIGAN, Appellant.

*Security for costs — when not required of administrators.*

Administrators having brought an action to recover possession of three certifi-
cates of deposit alleged to have been the property of their intestate, the defend-
ant made a motion, under section 3271 of the Code of Civil Procedure, to require
them to give security for costs. The moving affidavit alleged that the plain-
tiffs and all of their intestate's next of kin were non-residents; that the decedent
left no real property, and that the plaintiffs were not the owners of any prop-
erty located within the State of New York.

The opposing affidavits alleged that the intestate died possessed of certain moneys
within the State of New York which were represented by the certificates of
deposit sought to be recovered. They also showed that the defendant's right
to the certificates of deposit was at least suspicious.

*Held*, that the court was justified in refusing, in the exercise of its discretion, to
require the plaintiffs to give security for costs.

APPEAL by the defendant, Nora Madigan, from an order of the
Supreme Court, made at the Chemung Special Term and entered in
the office of the clerk of the county of Chemung on the 26th day
of June, 1903, denying the defendant's motion to require the
plaintiffs to give security for costs.

The action was brought to recover possession of three certificates
of deposit alleged to have been the property of plaintiffs' intestate,
which had come into the possession of the defendant, and which
she refused to surrender upon demand, or to recover the face value
of such certificates, with interest. Before answering, this motion was
made by the defendant under the provisions of section 3271 of the Code ·
of Civil Procedure, which provides, in part: " In an action brought
by or against an  *  *  *  administrator in his representative capacity
*  *  *  the court may, in its discretion, require the plaintiff to
give security for costs." The affidavit of the appellant's attorney,
used upon the motion, alleged that both plaintiffs were non-residents
of the State; that all of the next of kin of the decedent were non-
residents; "that said decedent left no real property as far as depo-
nent has been able to ascertain, and that the plaintiffs, as far as depo-
nent has been able to ascertain, are not the owners of any property

located within the State of New York." The answering affidavit of the plaintiffs' counsel alleged that at the time of the decedent's death her estate consisted of about $1,400, deposited in the Chemung Canal Bank of Elmira, N. Y., represented by the certificates of deposit sought to be recovered. The affidavit further set forth the circumstances by which defendant came into possession of the certificates, and her refusal to surrender them. The motion was denied by the Special Term, and from the order entered thereupon this appeal is taken.

*J. John Hassett,* for the appellant.

*D. O'Connell,* for the respondents.

SMITH, J.:

The case of *Pursley* v. *Rodgers* (44 App. Div. 139) is relied upon by defendant's counsel as being decisive of this case. The head note to that case reads, in part, as follows: "Where a non-resident, appointed an administrator in the State of New York, brings an action in the Supreme Court in his representative capacity for the benefit of the next of kin of his decedent, who are also non-residents, it is error for the court to deny a motion addressed to its discretion, to require the plaintiff to give security for costs, where it appears that the intestate left no property and that the letters of administration have been issued simply to enable the administrator to bring the action for the recovery of damages for the death of his intestate, caused by the alleged negligence of the defendant." In opposition to the motion made in that case, an affidavit of one of the attorneys for the plaintiff was read stating but the single fact that the action was brought in good faith.

Under section 3271 of the Code of Civil Procedure it is discretionary with the court to require the plaintiff to give security for costs. Unless, therefore, this court shall decide that there has been an improper exercise of that discretion, amounting to abuse, it should not interfere with the decision of the Special Term. Upon the precise set of facts existing in the case cited, the Appellate Division in the first department decided that the discretion had been improperly exercised. The facts here are different. The complaint itself alleges that the intestate died leaving property in this State,

but that the evidence of title merely to that property had come into the defendant's possession. The action was brought to protect that estate, and not merely to recover damages, as in the *Pursley* case, for the next of kin — not for the estate. Where, as in the case at bar, property is taken from another, who is at the point of death, by one whose right to hold the same is at least suspicious, the court will not, in its discretion, place any obstacle in the way of its recovery by the lawful representatives of the decedent's estate. The discretion was properly exercised and the order should be affirmed.

All concurred; HOUGHTON, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.