### KELLY et al. v. MADIGAN.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. ADMINISTRATORS—ACTIONS—SECURITY FOR COSTS.
    Under Code Civ. Proc. § 3271, providing that, in an action by or against
    an administrator, the court may, in its discretion, require plaintiff to
    give security for costs, it was not an abuse of discretion to refuse to
    require such security where the complaint by administrators alleged that
    their decedent had left property in the state, consisting of certificates of
    deposit, which had come into the possession of the defendant, and sought
    to recover the certificates or their value.

Appeal from Special Term, Chemung County.

Action by Mary Doherty Kelly and another, as administratrices
of the estate of Maggie Doherty, deceased, against Nora Madigan.
From an order denying defendant's motion to require plaintiffs to
give security for costs, defendant appeals. Affirmed.

The action was brought to recover possession of three certificates of de-
posit, alleged to have been the property of plaintiffs' intestate, which had
come into the possession of the defendant, and which she refused to surrender
upon demand, or to recover the face value of such certificates, with interest.

Before answering, this motion was made by the defendant under the provisions of section 3271 of the Code of Civil Procedure, which provides, in part: "In an action brought by or against an administrator in his representative capacity * * * the court may, in its discretion, require the plaintiff to give security for costs." The affidavit of the appellant's attorney, used upon the motion, alleged that both plaintiffs were nonresidents of the state; that all of the next of kin of the decedent were nonresidents; "that said decedent left no real property, as far as deponent has been able to ascertain; and that the plaintiffs, as far as deponent has been able to ascertain, are not the owners of any property located within the state of New York." The answering affidavit of the plaintiffs' counsel alleged that, at the time of the decedent's death, her estate consisted of about $1,400, deposited in the Chemung Canal Bank of Elmira, N. Y., represented by the certificates of deposit sought to be recovered. The affidavit further set forth the circumstances by which defendant came into possession of the certificates, and her refusal to surrender them. The motion was denied by the Special Term, and from the order entered thereupon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

J. J. Hassett, for appellant.
D. O'Connell, for respondents.

SMITH, J. The case of Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015, is relied upon by defendant's counsel as being decisive of this case. The headnote to that case reads, in part, as follows:

"Where a nonresident, appointed an administrator in the state of New York, brings an action in the Supreme Court, in his representative capacity, for the benefit of the next of kin of his decedent, who are also nonresidents, it is error for the court to deny a motion, addressed to its discretion, to require the plaintiff to give security for costs, where it appears that the intestate left no property, and that letters of administration have been issued simply to enable the administrator to bring the action for the recovery of damages for the death of his intestate, caused by the alleged negligence of the defendant."

In opposition to the motion made in that case, an affidavit of one of the attorneys for the plaintiff was read, stating but the single fact that the action was brought in good faith.

Under section 3271 of the Code of Civil Procedure, it is discretionary with the court to require the plaintiff to give security for costs. Unless, therefore, this court shall decide that there has been an improper exercise of that discretion, amounting to abuse, it should not interfere with the decision of the Special Term. Upon the precise set of facts existing in the case cited, the Appellate Division, in the First Department, decided that the discretion had been improperly exercised. The facts here are different. The complaint itself alleges that the intestate died, leaving property in this state, but that the evidence of title merely to that property had come into the defendant's possession. The action was brought to protect that estate, and not merely to recover damages, as in the Pursley Case, for the next of kin—not for the estate. Where, as in the case at bar, property is taken from another, who is at the point of death, by one whose right to hold the same is at least suspicious, the court will

not, in its discretion, place any obstacle in the way of its recovery by the lawful representatives of the decedent's estate.   The discretion was properly exercised, and the order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.