Where a complaint alleged permanent injuries in general, defendant was entitled to a bill of particulars, though it refused to waive its right to have a physical examination of plaintiff as a condition to granting a motion for the bill, since the particulars of the injuries might in themselves furnish reason for a physical examination.

Appeal from Special Term.

Action by Mary Baker against the New York City Railway Company. From an order denying the defendant's motion for a bill of particulars, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

Bayard H. Ames, for appellant.
William S. Creevey, for respondent.

GAYNOR, J.  The complaint alleges permanent injuries in general terms.  A bill of particulars thereof should have been ordered.  It was apparently denied on the ground that the defendant would not as a condition of granting the motion waive its right to have a physical examination of the plaintiff.  This was error.  The particulars of the injuries may in themselves furnish reason for a physical examination. Too many other particulars were asked for, and the habit in that respect should be restrained.

The order should be reversed and the motion granted in respect of permanent injuries, without costs.

---

(117 App. Div. 129)

## McKEAGGAN v. POST & McCORD.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

COSTS—GIVING SECURITY—DISCRETION OF COURT.

Even if it is a matter of discretion, under Code Civ. Proc. § 3271, to require plaintiff, in an action by an administrator for death of intestate, to give security for costs, where he and all the next of kin are nonresidents, yet, there being no property in the state from which costs could be collected, the discretion should be exercised in defendant's favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 418, 427.]

Appeal from Special Term, New York County.

Action by Alexander McKeaggan, as administrator, against Post & McCord.  From an order denying a motion to compel plaintiff to file security for costs, defendant appeals.  Reversed, and motion granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Louis Cohn, for appellant.
Talbert W. Sprague, for respondent.

McLAUGHLIN, J.  This action is brought to recover damages alleged to have been sustained by the widow and next of kin by reason of the death of plaintiff's intestate.  Before answering, the defendant made a motion to compel the plaintiff to file security for costs.  The motion was denied, and defendant has appealed.

The facts set out in the moving papers were uncontradicted, and were to the effect that the plaintiff and all of the next of kin, for some time prior to and at the time of the commencement of the action, were residents of Chelsea, Mass., and there was no property within the state of New York.  These facts being uncontradicted, the motion for security should have been granted (Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015), even though it be conceded that whether or not security should be required rested in the discretion of the court. under section 3271 of the Code of Civil Procedure.  Where the plaintiff and all of the parties whom the plaintiff represents are nonresidents, and where there is apparently no property of any kind within this state from which costs, in case plaintiff should fail in the action, could be collected, then the defendant is entitled to the favorable exercise of the court's discretion in requiring security for costs.

Indeed, it is not at all clear that the plaintiff was not entitled, as a matter of right, under section 3268 of the Code, to security for costs. This section is a general provision, and seems to relate to all cases where the plaintiffs are nonresidents.  However, it is unnecessary at this time to determine this question, because, even under section 3271, upon the facts here presented, the defendant was entitled to the favorable exercise of the court's discretion.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to compel the plaintiff to give security for costs granted, with $10 costs.  All concur.