(117 App. Div. 563)

MEANEY v. POST & McCORD.

(Supreme Court, Appellate Division. First Department. February 8, 1907.)

Costs—Security for Costs.

　　Where a nonresident was appointed administrator of an intestate's estate in New York, and sued for such intestate's wrongful death, on behalf of the intestate's next of kin, who were all nonresidents, and there was

no apparent estate or property in New York from which costs might be collected, such facts entitled the defendant to the favorable exercise of the court's discretion, requiring plaintiff to give security for costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 427–438.]

Appeal from Special Term, New York County.

Action by James Meaney, as administrator of the estate of Edward Meaney, deceased, against Post & McCord. From an order denying defendants' motion for an order requiring plaintiff to file security for costs, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank V. Johnson (Louis Cohn, of counsel), for appellant.
Francis J. Hogan, for respondent.

CLARKE, J. This action was brought to recover damages for personal injuries resulting in the death of the plaintiff's intestate by reason of the alleged negligence of the defendant. The summons and complaint were served on the 13th day of September, 1906. On the 19th day of November, 1906, prior to the last day to plead, an order to show cause was obtained why an order should not be made requiring the plaintiff to furnish security for costs on the ground that the action was brought by an administrator in his representative capacity, and that he and all of the next of kin prior to and up to the commencement of the action were nonresidents. The motion having been denied, defendants appeal.

It was established without dispute that the plaintiff and all the next of kin of the deceased had resided for many years and still reside in the city of Camden, N. J., and that the decedent was unmarried and left no children or children of deceased children, and the only asset in this state was the cause of action against the defendant. Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015, is directly in point. In that case the plaintiff, a resident of Virginia, was appointed administratrix in New York county, and in her representative capacity for the benefit of the next of kin, all of whom resided in the state of Virginia, she commenced an action in New York. It appeared that the intestate left no property in New York, and that the letters were issued simply to permit the administratrix to begin an action for damages for the death of her intestate caused by the alleged negligence of the defendant. Upon these facts the attorney for the defendant, Rodgers, moved for an order requiring the plaintiff to file security for costs. The motion was denied, and upon appeal to this court the order entered thereon was reversed and the motion granted. Mr. Justice Barrett said:

"We thus have a case where the plaintiff and all the parties whom she represents are nonresidents of this state, and, where there is apparently no estate or property of any kind within our jurisdiction (or, indeed, elsewhere) from which costs, in case the plaintiff should fail in the action, could be collected. We think that these facts entitled the defendant to the favorable exercise of the court's discretion, that the application was addressed to that discretion, and that the defendant's motion for security for costs should have been granted."

And Mr. Justice Ingraham, concurring, said:

"But where the action is brought by one individual for the benefit of other individuals, and both the one bringing the action and the ones for whose benefit it is brought are nonresidents, no one interested in the recovery in any manner being a resident, I cannot see upon what principle it can be said that ·the plaintiffs are not nonresidents."

The respondent cites McNeil v. Merriam, 57 App. Div. 164, 6? N. Y. Supp. 165. That case was in the Second Department and is distinguishable from the case at bar both because the order directing the plaintiff to give security for costs had been entered ex parte, and because no question of nonresidence seems to have been presented. The learned court said:

"When the defendant invokes discretion under section 3271 of the Code of Civ. Proc., he must apply to the court and necessarily upon notice. Pursley v. Rodgers. 44 App. Div. 139, 61 N. Y. Supp. 1015. In the absence of such procedure, this court will not presume that defendant's attorney has waived any of the rights of his client in support of an order which may deprive the plaintiff of the power of enforcing a meritorious claim."

Davidson v. Bose, 57 App. Div. 212, 68 N. Y. Supp. 316, was also a decision of the Second Department and is also distinguishable from the case at bar by the failure of the papers to establish the nonresidence of the plaintiff to the satisfaction of the court. The court said:

"It will hardly require discussion to determine that this affidavit contains none of the elements of legal evidence and is not a proper basis for an order to give security of costs on the ground that the plaintiff is a nonresident."

It appearing, therefore, that the rule as laid down in Pursley v. Rodgers, supra, has not been affected by any subsequent decision of the Court of Appeals or of the Appellate Division in this or any other department, and satisfied as we are of the soundness of that rule, it must be applied in the case before us.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.