## SCHMALZ v. WILLIAM L. CROW CONST. CO.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

1. APPEAL AND ERROR (§ 87*)—SECURITY FOR COSTS—REVIEW.
    An order of Special Term on a motion for security for payment of costs, made under Code Civ. Proc. § 3271, which provides that, where an action is by an executor in his representative capacity, the court may in its discretion require the plaintiff to give security for costs, is reviewable.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 559–596; Dec. Dig. § 87.*]

2. COSTS (§ 110*)—SECURITY—NONRESIDENCE OF PERSONAL REPRESENTATIVE OF DECEDENT.
    Code Civ. Proc. § 3268, provides that the defendant in an action may require security for costs, where the plaintiff was, when the action was commenced, a nonresident. A nonresident widow was appointed executrix in this state of the estate of her husband, who was a nonresident, but who had died in this state, for the sole purpose of bringing a statutory action for her husband's death, and the estate was alleged to consist of an account in a savings bank in this state, though it was not shown that any money stood in the account when the action was commenced, or that the interest of decedent in it would be adequate to secure payment of costs. Held, that defendants' motion for security for costs should be granted.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427–438; Dec. Dig. § 110.*]

Appeal from Special Term, New York County.

Action by Lottie Schmalz, as executrix of Fred Schmalz, deceased, against the William L. Crow Construction Company. From an order, as resettled, denying its motion for security for costs, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, McLAUGHLIN, CLARKE, and MILLER, JJ.

Walter C. Stevens, for appellant.
Stuart G. Gibboney, for respondent.

LAUGHLIN, J. This is a statutory action by a widow as executrix to recover for the death of her husband, alleged to have been caused by the negligence of the defendant within this state. The decedent resided in New Jersey, but he died in New York; and his widow resides in New Jersey, but letters testamentary on the last will and testament of her husband were issued to her by the surrogate of New York county, on the ground that he left property here. An order for security for costs was granted on an ex parte application, and vacated, with leave to renew the application, under section 3271 of the Code of Civil Procedure, upon notice. The order now under review recites that the motion was made pursuant to sections 3268, 3271, and 3272 of the Code of Civil Procedure. The motion was made on the grounds of the nonresidence of the plaintiff, and that the action is brought by an executrix. It was shown in opposition to the motion that the decedent left within the state of New York "a joint account in the

---

German Savings Bank, amounting at his death to the sum of $170, and that he left no other property whatever, except a house and lot in East Rutherford, Bergen county, New Jersey," the title to which was in his name and in the name of his wife.

[1] In so far as the motion was made pursuant to the provisions of section 3271 of the Code of Civil Procedure, the court was undoubtedly called upon to exercise judicial discretion with respect to the propriety of requiring security for costs to be given by the executrix (McNeil v. Merriam, 57 App. Div. 164, 68 N. Y. Supp. 165), which discretion is reviewable here.  If the plaintiff be a nonresident of the state within the purview of section 3268 of the Code of Civil Procedure, the defendant was entitled to an order for security for costs as matter of right.  The phraseology of the provisions of that section indicate that the Legislature did not intend to vest any discretion in the court with respect to requiring a nonresident plaintiff, or other plaintiffs enumerated in that section, to give security for costs.  By its express provisions the determination of the question as to whether security for costs shall be required of a plaintiff therein enumerated is left solely to the defendant.  It is provided, among other things, that:

"The defendant, in an action brought in a court of record, may require security for costs to be given, as prescribed in this title, where the plaintiff was, when the action was commenced, either (1) a person residing without the state."

The phraseology of section 3271 of the Code of Civil Procedure is materially different; for there it is provided, among other things, that in an action brought by or against an executor or administrator in his representative capacity "the court may, in its discretion, require the plaintiff to give security for costs."

[2] Although the action is brought in a representative capacity, it is brought solely for the benefit of the widow, who as executrix is the plaintiff, and who concededly is a nonresident of the state, and of her son, four years of age, who resides with her.  It may be that the estate of the decedent is interested in the action to the extent that it may, under section 3268 of the Code of Civil Procedure, be liable for the costs of the action in the event that the plaintiff fails to recover—a question which we do not decide—yet it is clear that the cause of action is being enforced only for the benefit of nonresidents and by a nominal plaintiff who is a nonresident.

On like facts the members of this court sitting in Pursley v. Rogers, 44 App. Div. 139, 61 N. Y. Supp. 1015, in opinions delivered by Justices Barrett and Ingraham, expressed different views; but, inasmuch as all agreed that security should have been required, the question may not be said to have been decided, although some of the justices, adopting the views expressed by Justice Ingraham, placed their votes on the ground that defendant was entitled to security as matter of right, and others, adopting the views of Justice Barrett, were of opinion that the court in the exercise of its discretion should have required security for costs to be given.

In Clarendon, as Adm'r, v. Milliken Bros., 116 App. Div. 930, 101 N. Y. Supp. 1105, the Appellate Division in the Second Department appears to have decided that the plaintiff in such case is not a nonresident, within the provisions of section 3268, Code of Civil Procedure; but this court, in McKeaggan v. Post & McCord, 117 App. Div. 129, 102 N. Y. Supp. 276, intimated a contrary view. In these circumstances we shall defer expressing a decided view on the question until it is necessarily presented. In the opinions of this court in Pursley v. Rogers, supra, and Meany v. Post & McCord, 117 App. Div. 563, 102 N. Y. Supp. 611, and Mills v. Nassau Bank, 123 App. Div. 514, 108 N. Y. Supp. 559, wherein the question presented by this appeal was considered, stress was laid upon the fact that it did not appear that the decedent left any property within the state, and that the appointment here of a personal representative for his estate was apparently solely for the purpose of bringing the statutory action.

In the case at bar, on the evidence quoted, it is claimed that the decedent left property within the state which would be applicable to the payment of the costs. It does not appear that the money was in the bank when the action was brought and the motion made, and it is manifest that the interest of the decedent in it would be wholly inadequate for the purpose of securing the payment of costs that may be awarded to the defendant. The case, therefore, falls within the principle, if not within the letter, of section 3268 of the Code of Civil Procedure, and the court should have granted the motion.

It follows, therefore, that the order should be reversed. with $10 costs and disbursements, and the motion granted, with $10 costs.

McLAUGHLIN, CLARKE, and MILLER, JJ., concur.

INGRAHAM, P. J. I concur, on the ground that the defendant was entitled to security for costs as a right, under section 3268 of the Code of Civil Procedure.