° SMILEY v. FINUCANE et al.

(Supreme Court, Special Term, Monroe County. December 29, 1911.)

1. Costs (§ 110*)—Foreign Administration—Actions by—Security for Costs.

> Under Code Civ. Proc. 1836a, as added by Laws 1911, c. 631, which authorizes an executor or administrator appointed in another state to sue or be sued as such "in like manner and under like restrictions as a nonresident," a foreign administrator is placed on the same basis in respect to actions in New York as a nonresident individual, so that his liability to give security for costs is determined by Code Civ. Proc. § 3268, which provides that the defendant in an action brought in a court of record may require security for costs to be given, where the plaintiff was when the action was commenced a nonresident, rather than under section 3271, which makes it discretionary with the court whether to require security for costs in an action by or against an executor or administrator in his representative capacity.
>
> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427–438; Dec. Dig. § 110.*]

2. Parties (§ 71*)—Executors and Administrators—Surplusage.

> Though a plaintiff is named in a summons and complaint "as administrator," where the cause of action stated is not one that is alleged to have existed in favor of his intestate, the action is in his individual capacity, and the words "as administrator" will be rejected as surplusage.
>
> [Ed. Note.—For other cases, see Parties, Cent. Dig. § 113; Dec. Dig. § 71.*]

3. Costs (§ 112*)—Requiring Security for Costs—Estoppel by Pleading—Diligence.

> Though certain defendants in an action by a foreign administrator had answered before applying for an order requiring the plaintiff to furnish security for costs, where affidavits filed in support of the motion showed that due diligence was used by the defendants in ascertaining which of a large number of plaintiffs in this and more than 50 other similar actions brought at the same time were nonresidents, the order was properly made.
>
> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463–468; Dec. Dig. § 112.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Ernest H. Smiley, as administrator, against Thomas W. Finucane and others. Motion to set aside order granted requiring security for costs. Denied.

James M. E. O'Grady, for plaintiff.

Joseph W. Taylor and Joseph McLean, Jr., for defendants.

FOOTE, J. The motion is based solely on the papers on which the order which it seeks to vacate was founded. That order was granted ex parte by a justice of this court and was the usual order requiring plaintiff to file security for costs as a nonresident of the state under section 3268 of the Code of Civil Procedure.

It is first objected that the case does not fall within section 3268, because, although plaintiff is a nonresident, he sues as administrator, and that hence security for costs can only be required as provided in section 3271; that is, by motion upon notice appealing to the discretion of the court and not as matter of right. Prior to the last session of our Legislature, a foreign administrator had no standing in our courts and could not maintain an action here as such; hence the reported decisions relate only to cases where the administrator, though personally a nonresident, had been appointed in this state, either as general administrator or as ancillary to the principal administration in a foreign state, and the distinction was suggested in the opinion of Mr. Justice Barrett in Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015, between an estate located in this state and being administered here, and a foreign estate, and this learned justice concludes that an administrator appointed here is not as such "a person residing without the state within the meaning of section 3268." A contrary view was expressed in the same case in the opinion of Mr. Justice Ingraham, and in McKeaggan v. Post & McCord, 117 App. Div. 129, 102 N. Y. Supp. 276, the question was again considered, but no definite conclusion announced, although it was intimated that the views expressed by Mr. Justice Ingraham were approved.

The contrary view was apparently taken by the Appellate Division in the Second Department in Clarendon, as Adm'r, v. Milligan Bros., 116 App. Div. 930, 101 N. Y. Supp. 1105.

In Schmalz v. Wm. L. Crow Constructing Co., 146 App. Div. 623, 131 N. Y. Supp. 398, the authorities are reviewed, and it is announced that the question remains undetermined in that court.

In Pelkey v. Town of Saranac, 73 N. Y. Supp. 493 (same case, not fully reported, 67 App. Div. 337), the opinion of Parker, P. J., adopts the views of Mr. Justice Barrett in Pursley v. Rodgers. The plaintiff Pelkey is referred to in this opinion as a foreign administrator. By reference to the record I find that, while Pelkey was a nonresident, he had been appointed administrator in this state and the estate was located here.

The question is, therefore, not free from doubt upon the authorities; but as heretofore foreign administrators have been required to take out ancillary letters in this state before bringing suit, a case like the present, where plaintiff has only foreign letters of administration, has not arisen. Hence the reported cases are not helpful or controlling.

[1] By chapter 631 of the Laws of 1911, a new section numbered 1836a was added to the Code of Civil Procedure, which expressly authorizes executor or administrator appointed in another state to sue or to be sued as such in this state "in like manner and under like restrictions as a nonresident may sue or be sued." This section seems to place a foreign administrator in the position of a nonresident individual in respect to actions in our courts, and it expressly subjects him to the restrictions applicable to a nonresident individual. I am aware of no restrictions applying to a nonresident individual suing in our courts, except such as permit the defendant as matter of right to compel him to file security for costs. Construing this new section with section 3268, I think it must be held that where a nonresident administrator appointed as such under the laws of another state sues here in his representative capacity, he may be compelled to file security for costs as if he were a nonresident individual.

[2] In this case, however, although plaintiff is named in the summons and complaint as administrator, the cause of action stated is not one that is alleged to have existed in favor of his intestate, but one which accrued to him individually. Taking the complaint to contain a correct statement of facts, plaintiff is not suing in a representative capacity as administrator. Hence the words "as administrator" must be treated as surplusage.

[3] The last ground of objection to this order is that defendants were guilty of laches in applying for the order. Assuming that in this case some of the defendants had answered before applying for the order, still I think the affidavits on which the order was based showed that due diligence was used by the defendants in ascertaining which of the large number of plaintiffs in this and more than 50 other similar actions brought at the same time were nonresidents of the state, and that the case in this respect is so like the case of Corbett v. Brantingham, 65 App. Div. 335, 72 N. Y. Supp. 763, that I should follow the authority of that case in holding that defendants who have answered have shown a sufficient excuse for failure to apply to require plaintiff to give security for costs before answering.

Plaintiff's motion must be denied, with $10 costs.