SARAH OLIVA, as Administratrix of the Estate of RASARIA OLIVA, Deceased, Plaintiff, v. ANTONIETTA D'AMATO et al., Defendants.

Supreme Court, Special Term, Queens County, October 2, 1950.

*S. Leighton Frooks* for plaintiff.

*Jerome Kern* for Antonietta D'Amato, defendant.

COLDEN, J. This is a motion to vacate an ex parte order dated August 17, 1950, which required the plaintiff to post security for costs.

Plaintiff, a nonresident, was appointed by a Surrogate's Court of this State to act as administratrix of the estate of a nonresident decedent. So much of the estate as is the subject of this suit is situated in this county. The question is whether, simply because the plaintiff as an individual resides without the

State, defendant is entitled to security for costs as of right under section 1522 of the Civil Practice Act, or whether, because of the fact that plaintiff sues in a representative capacity, defendant may have such security only in the discretion of the court upon an application made on notice under section 1523.

In an early case construing sections 3268 to 3271, inclusive, of the Code of Civil Procedure (sections identical, except for a slight variation in grammar, to the present practice sections 1522 and 1523), the court said: '' The question then resolves itself into the single question; an executor, non-resident, appointed within this State, brings an action against a resident defendant — can he be required to give security for costs under section 3268? He is not personally liable for costs, except where guilty of misconduct or bad faith. The estate which he represents, is within the control of the courts of this State. His non-residence is, therefore, not any reason for requiring security for costs ''. (*McDougal* v. *Gray,* 15 N. Y. Civ. Pro. Rep. 237, 238–239.) Some ten years later the Appellate Division of the first department construed the same sections of the Code of Civil Procedure as follows: '' Section 3268 (Subd. 1) plainly relates to persons suing as individuals. When the same section also brings within its area persons suing in representative capacities, it carefully enumerates and limits each particular official status thus embraced (Subd. 4). It consequently recognizes and gives effect to the construction that in the one instance the action is personal, in the other representative. In the latter case the substantial plaintiff is the estate, not the individual. As there must formally be some concrete personality to represent the estate, an individual is appointed by law, and that individual brings the action *as* administrator. The administrator thus appointed by our courts is not, *as such,* ' a person residing without the State,' within the meaning of the section cited.'' (*Pursley* v. *Rodgers,* 44 App. Div. 139, 140–141.)

The construction placed upon Code sections 3268 and 3271 by the last-cited case was expressly followed by the Appellate Division of this department, by a unanimous court, in *Clarendon* v. *Milliken Bros.* (116 App. Div. 930) and in *Baum* v. *Morse Dry Dock & Repair Co.* (160 App. Div. 14, 18–19), again by a unanimous court. And the text writers were in accord. (11 Carmody on New York Practice, § 361; Milliman on Law of Costs in New York, § 259, p. 333; 2 Nichols on New York Practice, § 1471.) It is true, however, that in two recent cases (*Maresca* v. *Prudential Ins. Co.,* 255 App. Div. 865; *Allocio* v. *Colonial Life Ins.*

*Co.*, 246 App. Div. 621) the Second Department seems to have decided to the contrary. In the *Maresca* case, however, respondent failed to bring either the *Clarendon* or *Baum* case (*supra*) to the attention of the court, while in the *Allocio* case the court expressly pointed out that " Plaintiffs were, neither individually *nor as administratrices*, residents of the city of Yonkers." (Emphasis supplied.) In the instant case, however, plaintiff was appointed administratrix by a court of this State and she brings her action in a court of unlimited jurisdiction. Consequently, although she is not *as an individual* a resident of this State, she is *as administratrix* a resident of this State by virtue of such appointment. Such being the case, the posting of security lies in the discretion of the court which is to be exercised upon an application made on notice to the representative. Upon the hearing of that application, the residence of the decedent and the location of the estate assets will be important factors in determining the question.

The court is not unaware that decisions of the Supreme Court in the first department have held that the mere nonresidence of the administrator as an individual is sufficient to require him to post security upon an ex parte application. (*Gilbert* v. *503–507 West 177th St. Corp.*, 186 Misc. 78; *Parker* v. *City of New York*, N. Y. L. J., Sept. 29, 1950, p. 638, col. 2.) Both of those decisions, however, rely upon the *Maresca* case (*supra*) and upon *Schmalz* v. *Crow Constr. Co.* (146 App. Div. 623). The *Maresca* case has already been commented upon, while the *Schmalz* case was one in which the court expressly stated (p. 625) that it would " defer expressing a decided view on the question until it is necessarily presented." The Appellate Division of the third and fourth departments apparently hold that the individual nonresidence of an administrator suing in his representative capacity does not entitle a defendant to security for costs as of right, but that granting such security lies in the discretion of the court. (*Downer* v. *Carter*, 75 App. Div. 630; *Kelly* v. *Madigan*, 88 App. Div. 138.)

The motion of the plaintiff to vacate the ex parte order is accordingly granted with leave to the defendant to renew her application on notice.

Submit order.