Henry A. Hudson, J.
The defendant has moved, pursuant to sections 1522 and 1524 of the Civil Practice Act, for an order requiring the plaintiff to give security for costs.
The above action was instituted September 7, 1954 to recover updn a judgment obtained in the State of Pennsylvania in favor *569 of the plaintiff and against the defendant. Some five years elapsed before this application was made. The plaintiff is a banking corporation acting as executor and brings the action in its representative capacity. It is a Pennsylvania corporation doing business in the State of Pennsylvania. Those interested in the estate of the deceased are residents of the State of Pennsylvania.
It is urged by the plaintiff that section 1523 of the Civil Practice Act rather than sections 1522 and 1524 apply and that the granting of the motion should, therefore, be addressed to the discretion of the court rather than as a matter of right and urges further that the defendant is not entitled to security for costs because of laches in proceeding therefor.
The defendant’s motion is specifically limited to a request for relief under sections 1522 and 1524 and there is nothing in the moving papers which would enable the court to consider the application as one being made under section 1523 of the Civil Practice Act. The motion, therefore, presents specifically the question of whether a nonresident corporation, the personal representative of an estate, is a person residing without the State within the meaning of section 1522 (subd. A, par. 1), or a foreign corporation within the meaning of section 1522 (subd. A, par. 2).
The authorities in this State on this subject are very conflicting.
The defendants urge that section 1522 has been held to apply to a representative of an estate, who is a nonresident, suing as plaintiff in this State and cites a long line of cases including Gilbert v. 503-507 West 77th St. Corp. (58 N. Y. S. 2d 690); Maresca, v. Prudential Ins. Co. (255 App. Div. 865) ; Schmalz v. Crow Const. Co. (146 App. Div. 623); Allocio v. Colonial Life Ins. Co. (246 App. Div. 621). This line of cases was followed in Parker v. State of New York (100 N. Y. S. 2d 17). The reasoning therein seems to follow that of Judge Ingraham in the case of Pursley v. Rogers (44 App. Div. 139, 143). While this was a concurring opinion to that of the majority — the concurrence was in the result only — Judge Ingraham held that section 3268 of the Code of Civil Procedure (now Civ. Prac. Act, § 1522) applied and that the plaintiffs were nonresidents within the meaning of that section. He stated at page 144: 1 ‘ But where the action is brought by one individual for the benefit of other individuals and both the one bringing the action and the ones for whose benefit it is brought are non-residents, no one interested in the recovery in any manner, being a resident, I cannot see upon what principle it can be said that the *570 plaintiffs are not non-residents.” The majority of the court, following the opinion of Judge Barrett, held that section 3268 of the code did not apply but rather that 3271 (now Civ. Prac. Act, § 1523) applied and after considering the merits of the application under the requirements of section 3271, the majority of the court held that it should exercise its discretion and require the plaintiff to give security. The opinion of Judge Barrett, in Pursley v. Rogers (supra), has been cited with approval in Baum v. Morse Dry Dock & Repair Co. (160 App. Div. 14, 19), in Clarendon v. Milliken Bros. (116 App. Div. 930), and in Oliva v. D’Amato (198 Misc. 841).
In the Oliva case, the court reviewed both of the lines of cases above discussed and held that section 1522 of the Civil Practice Act did not apply but rather that the provisions of section 1523 did and vacated the ex parte order which had been granted upon the application under section 1522. The court discussed the differences between the holding of the appellate courts in the First and Second Departments. It also noted that in the Third and Fourth Departments, the individual nonresidency of an administrator suing in his representative capacity does not entitle the defendant to security for costs as of right, the granting of such security being in the discretion of the court. The court cited Kelly v. Madigan (88 App. Div. 138) in the Third Department and Downer v. Carter (75 App. Div. 630) in the Fourth Department. In the Downer case, the court stated: “ The motion to compel the plaintiff to file security for costs must be regarded as having been made under section 3271 of the Code of Civil Procedure, and was, therefore, addressed to the discretion of the court, and, considering all of the circumstances, such discretion was not improperly exercised. Section 3268 does not apply, as the plaintiff is not a non-resident within the meaning of the Code.” The Oliva case involved an administratrix who was not a resident of the State but who was appointed in the Surrogate’s Court of this State.
I fail to see where any distinction can be made between a nonresident representative of an estate, representing nonresident beneficiaries or distributees, whether they proceed in our courts directly or whether they are appointed personal representatives in the courts of this State preliminary to the institution of an action in the courts of this State or whether they are resident, personal representatives of an estate. The same problem faces the court under section 1523, namely, whether the facts and circumstances of the particular case require the plaintiff to furnish security for costs because of the *571 financial ability of the estate to respond in costs if unsuccessful in the litigation.
Many of the cases above cited involve actions by a personal representative appointed solely for the purpose of suing to recover for a wrongful death due to negligence. It matters little whether the personal representative of the estate is a resident or a nonresident as far as its ability to respond in costs is concerned. I believe that the Legislature had this problem in mind in enacting section 1523, formerly section 3271 of the Code of Civil Procedure. Had the Legislature intended to include such a class of representatives as are described in section 1523, it could have easily added such class to section 1522 (subd. A, par. 4). Section 1522 (subd. A) insofar as it applies to nonresidents relates only to “1. a person residing without the state ”, or “2. a foreign corporation.” Those two classes, being outside the jurisdiction of the State, are beyond the reach of a successful defendant in an action brought by such nonresident within the State. A nonresident, acting in a representative capacity, whether an individual or a corporation, could only be responsible to the extent of the assets in his hands in such representative capacity. Such representative might hold substantial assets in this State so that the court in its discretion, would not feel costs should be required. The defendant is given the right pursuant to section 1523 to apply, upon notice, to require the plaintiff to furnish costs in such cases.
The remaining objection of the plaintiff that the defendant, in failing to move previously in this action instituted in September, 1954 for security of costs, is guilty of laches and should not be entitled to the relief requested, is without merit. (Hungarian General Credit-Bank v. Titus, 175 App. Div. 507; Civ. Prac. Act, § 1524.)
Since the institution of this action in September, 1954, the defendant has litigated the plaintiff’s right to proceed in the courts of this State most thoroughly. This court has had before it some of the preliminary proceedings and is, therefore, generally familiar with the background of the litigation. The defendant, on this motion, although maintaining it to be unnecessary, proceeded upon notice to the plaintiff. The question of the defendant’s right to security for costs could, therefore, be considered on the merits under section 1523 if the proper facts had been set forth in the defendant’s moving papers to entitle it to the relief requested. (Pursley v. Rogers, 44 App. Div. 139, 142,143, supra.) However, the defendant failed to present any facts other than those which would entitle it to relief ex parte *572 under section 1522. Consequently the court cannot pass upon the merits of this application under the provisions of section 1523 as the plaintiff would be entitled to show any circumstances which would obviate the necessity for the allowance of costs under the court’s discretion as provided in section 1523.
The defendant’s motion, pursuant to sections 1522 and 1524 of the Civil Practice Act, is denied without prejudice to its right to proceed pursuant to section 1523 for the relief therein provided. Costs in the amount of $10 are allowed.